# Bube *v.* Weatherly Borough, Appellant.

*Negligence—Electricity—Evidence—Measure of proof.*

While it is the duty of those furnishing electricity for light, heat or power to make the wires safe by proper insulation and to keep them so by constant oversight and repair, yet in order to hold the owner of this agency liable in damages for injuries it is necessary for a plaintiff to establish his case by the same degree of proof as in cases where the cause of injury is more certain and easily explained.

Whenever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved, and not themselves presumed. No presumption can be drawn from a presumption.

Where none of the essential facts are in dispute, and the inferences to be drawn from them are not in doubt, a defendant has the right to call on the court to declare the law in relation thereto, and direct the jury as to what verdict they should render.

One who is injured while lawfully on the premises of another cannot recover damages for an injury if he fails to show the direct cause, or that it occurred through the negligence of the defendant.

In an action against a borough to recover damages for the death of plaintiff's son, a boy fifteen years old, it appeared that at the time of the accident the boy, with other persons, was in the cellar of a store. The cellar was lighted by a single incandescent electric light attached to an insulated wire cord which was wrapped around a nail in a beam high enough to permit a

man of average height to walk under it.   The boy stood at the light and was the only person near to it.   Suddenly the light went out, and at the same instant the boy fell to the floor "his feet straight down from the lamp." Another of the persons present took the lamp in his hand to steady it, turned the switch with his right hand, and restored the light without receiving any shock.   No signs of a burn or discoloration were found on the body of the deceased.   Within a few minutes after the boy's death a clerk in the store, who was also the chief burgess of the borough, in the presence of a number of witnesses, examined the electric lamp and socket, by passing his hand around them without experiencing any ill effects, but when he passed his hand eight or ten inches up along the wire cord above the lamp his finger touched a place where the insulation was worn and the wire exposed; then he received a severe shock which knocked him down, and burned his hand. This exposed spot was so indistinct that it required a careful inspection of the wire to discover the defect.   The electric plant was owned by the borough, but the wiring and fixtures in the store were the property of the owner of the building.   There was no evidence that the borough had any control over the wiring in the cellar, or that its officers knew or should have known of the dangerous condition of the current in the store on that evening.   The evidence in the case was uncontradicted.   *Held,* that the evidence of the defendant's negligence was insufficient to submit to the jury, and that binding instructions should have been given for defendant.

Argued Jan. 11, 1904.   Appeal, No. 16, Jan. T., 1904, by defendant, from judgment of C. P. Carbon Co., April T., 1901, No. 34, on verdict for plaintiff in case of Adam Bube and Elizabeth Bube, his Wife, v. Weatherly Borough.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Trespass to recover damages for death of plaintiff's son. Before HEYDT, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $400.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Frederick Bertolette,* for appellant.—It is settled by abundant authority that to enable a trespasser to recover for an injury he must do more than show negligence.   It must appear that there was a wanton or intentional injury inflicted upon

him by the owner: Gillespie v. McGowan, 100 Pa. 144; Sweeny v. Old Colony, etc., R. R. Co., 92 Mass. 368; Omaha v. Bowman, 52 Neb. 293; Sullivan v. Boston & Albany R. R. Co., 156 Mass. 378 (31 N. E. Repr. 128).

Plaintiff cannot recover unless the borough was negligent in allowing their property to remain in a dangerous condition after notice, express or implied, that it was unsafe for public use: Phila. v. Smith, 23 W. N. C. 242; Childs v. Crawford Co., 176 Pa. 139; Frazier v. Butler Borough, 172 Pa. 407; Rapho Twp. v. Moore, 68 Pa. 404; Burns v. City of Bradford, 137 Pa. 361; Fitzpatrick v. Darby, 184 Pa. 645.

Municipal corporations are not insurers of the property owned and used by them in their private capacity. They are bound to use simply reasonable care and diligence in the construction and maintenance of such property: Williams on Municipal Liability for Tort, pp. 58, 60, 61; Ring v. City of Cohoes, 77 N. Y. 83; Jenney v. Brooklyn, 120 N. Y. 164 (24 N. E. Repr. 274); Heiss v. Lancaster, 203 Pa. 260; P. & R. R. Co. v. Hughes, 119 Pa. 301; Payne v. Reese, 100 Pa. 301; Pittsburg, etc., R. R. Co. v. Sentmeyer, 92 Pa. 276.

Where it is alleged that he was hurt by reason of the negligence of the borough, it was their duty to prove that he was so hurt. In the absence of this proof, the court should have given binding instructions for the defendant: Crowe v. Nanticoke Light Co., 206 Pa. 374; Alexander v. Penna. Water Co., 201 Pa. 252; Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Dickerson v. Central R. R. of N. J., 189 Pa. 567; Ahern v. Melvin, 21 Pa. Superior Ct. 462, 466.

It is not permissible to guess at the cause of an injury and to assume that it was something for which the defendant was responsible: Reese v. Clark, 146 Pa. 465; Alexander v. Penna. Water Co., 201 Pa. 252; Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Shafer v. Lacock, 168 Pa. 497; Price v. Lehigh Valley R. R. Co., 202 Pa. 176; Savitz v. Lehigh & N. E. R. R. Co., 199 Pa. 218.

*Nathan M. Balliet*, with him *Ira. E. Seidle*, for appellees.— Under the law and evidence the case was for the jury: Dillon v. Allegheny County Light Co., 179 Pa. 482; Devlin v. Beacon Light Co., 192 Pa. 188; Sorrell v. Traction Co., 23 Pa.

Superior Ct. 425; Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540; Herron v. Pittsburg, 204 Pa. 509.

OPINION BY ORLADY, J., April 18, 1904:

The plaintiffs in this case recovered a verdict against the defendant for causing the death of their fifteen year old son, which occurred under the following circumstances: David Ziegenfuss was working in the cellar of G. W. Miller's store in Weatherly when, about six o'clock in the evening, his son, Robert Ziegenfuss, accompanied by Henry Bube and Harold Fortwangler came in. The cellar was lighted by a single incandescent electric light, attached to an insulated wire cord which was wrapped around a nail in a beam, high enough to permit a man of average height to walk under it. David Ziegenfuss was at work in the back part of the cellar, about thirty feet from the electric light; Henry Bube stood at the light and was the only person near it; Robert Ziegenfuss, was three or four steps away from it, and Harold Fortwangler had just started to go up the stairs leading from the cellar, when the light which was then burning suddenly went out, and at the same instant Henry Bube fell to the floor, " his feet straight down from the lamp." David Ziegenfuss then called to the boys to stop fooling and for his son to turn on the light. When it was turned on Henry Bube was found dead on the floor. Physicians were promptly called but they did not make any examination of the body to ascertain the cause of death, and no signs of a burn or discoloration were found on the body. Within a few minutes after the young man's death and in the presence of a number of witnesses, James F. Knessley, a clerk in the store, and chief burgess of the borough, examined the electric lamp and socket by passing his hand around them without experiencing any ill effects, but when he passed his hand eight or ten inches up along the wire cord above the lamp his finger touched a place where the insulation was worn and the wire exposed; then he received a severe shock which knocked him down and burned his hand. This exposed spot was so indistinct that it required a careful inspection of the wire to discover the defect. The electric plant was owned by the borough, but the wiring and fixtures in the store were the property of the owner of the building. The plaintiff's statement

alleges the cause of action to be that the borough carelessly and negligently operated its plant and omitted to repair an electric reducer on one of the street poles, thereby allowing 2,000 volts of electricity to pass though the wires that furnished the light to the Miller store at the time Henry Bube was killed, and that Bube, without negligence, came in contract with the electric light, etc.

In regard to the material facts the evidence is entirely free from contradictions. The two eyewitnesses, who were called by the plaintiff, agree in every particular with the only other eyewitness who was called by the defendant. The preponderance of evidence or the credibility of witnesses is not involved. All of the essential facts in evidence must be taken as undisputed and, aided by them, there cannot be any inference drawn to qualify in the least the direct and positive statements of the three eyewitnesses, namely, that Henry Bube was the only person near the electric light when it went out and that he alone could have handled the lamp and turned the switch to cut off the light producing current. To sustain the verdict we must hold that from this undisputed evidence the jury might infer that when Henry Bube was standing under the lamp the electric current was of a sufficient voltage to leak or escape from the wiring, affect his body with fatal results and turn the switch of the lamp and yet not break the filament in the lamp. There are several insuperable objections to this being an inference of fact. There is not the slightest evidence in the case that death might be caused in this manner, or that Henry Bube's death was caused by an electric shock. With the conditions unchanged and but a moment later, young Ziegenfuss (plaintiff's witness) took the lamp in his left hand to steady it, turned the switch with his right hand and restored the light without receiving any shock.

There is no evidence that the borough had any control over the wiring in the cellar (the contrary is clearly proved), or that its officers knew or should have known of the dangerous condition of the current in the store on that evening. The only evidence on that subject is that of the chief burgess who testified that he had examined the lights that evening for the purpose of seeing if there was anything defective and that he did not find anything wrong. It is conceded by all persons that we do not understand the varied manifestations of the electric

current. Its subtle force is still a mysterious agency; the only means of its discovery lies in the sense of feeling, and its effects are often masked and contradictory.

While it is the duty of those furnishing electricity for light, heat or power to make the wires safe by proper insulation, and to keep them so by constant oversight and repair (Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540; Herron v. Pittsburg, 204 Pa. 509), yet in order to hold the owner of this agency liable in damages it is necessary for a plaintiff to establish his case by the same degree of proof as in cases where the cause of injury is more certain and easily explained. There was no casual connection between the operation of the plant by the borough and the latent defect in the wiring in Miller's store. It was clearly proved, by uncontroverted testimony from which no other conclusion could be drawn, that a lamp of 104 voltage would have been burned out and destroyed had the voltage, sufficient to produce the death of Henry Bube, passed through the lamp or globe. It is apparent that all of the controlling facts which induced his death are not disclosed in this record. Something additional thereto must have been done by him and whatever his relation to the owner of the store may have been, it is admitted that he had no right to turn off that light or to handle the wires which supported it. To have done so would have made him guilty of contributory negligence. Whenever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved and not themselves presumed: Starkie on Evidence, 80. No presumption can be drawn from a presumption; if there is no fixed or ascertained fact from which the inference of another fact may be drawn, the law permits none to be drawn from it: Phila. City Pass. Ry. Co. v. Henrice, 92 Pa. 431; Welsh v. Erie, etc., R. R. Co., 181 Pa. 461. To permit a presumption to be a base for a further presumption would be to permit a jury " to spin out the chain into the regions of barest conjecture." The accidental death of a young man in perfect health is always a sad and regrettable fact but in assessing the liability therefor the courts must be governed by legal propositions and not sympathetic sentiments. Where none of the essential facts are in dispute and the inferences to be drawn from them are not in doubt, a defendant has the right to call on the court to declare the law in relation thereto and direct

the jury as to what verdict they should render : Wannamaker v. Burke, 111 Pa. 423. It is not permissible to guess at the cause of an injury and to assume that it was something for which the defendant was responsible. One who is injured while lawfully on the premises of another cannot recover damages for an injury if he fail to show the direct cause or that it occurred through the negligence of the defendant: Alexander v. Penna. Water Co., 201 Pa. 252. The verdict is without sufficient proof to sustain it and we are obliged to sustain the fifth assignment of error, which is based on the defendant's seventh point: "Under the law and the evidence in this case the verdict must be for the defendant." The others are not considered.

The judgment is reversed.

RICE, P. J., PORTER and SMITH, JJ., dissent.