## Crowe, Appellant, *v.* Nanticoke Light Company.

*Negligence—Electric light companies—Evidence—Presumption.*

Where the patron of an electric light company is shocked to death while using an electric lamp furnished by the company, a presumption arises that the company was negligent.

In an action for the death it is error for the court to charge that the company was not bound to have an equipment or plant containing the most modern and recent appliances, but only such as were in common and general use at that time for like purposes.

*Negligence—Electric light companies—Lease—Death.*

In an action against an electric light company to recover damages for the death of plaintiff's husband, it appeared that about two months prior to the death of the deceased, the company leased its property to another company, but the lease was not recorded until over a year and a half after its execution.   The plaintiff knew nothing of the lease until the statutory period within which she was bound to bring her action had expired.   There was evidence that in the very month of the accident the defendant company upon notification by another customer had remedied electrical disturbances, and that bills for light furnished after the accident had been paid by plaintiff to a clerk at the defendant's office, and that the clerk had receipted for the payments in defendant's name.   *Held,* that the question of defendant's liability was for the jury.

Argued April 15, 1903.   Reargued April 11, 1904.*   Appeal, No. 94, Jan. T., 1903, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1899, No. 759, on verdict for defendant, in case of Annie Crowe v. Nanticoke Light Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.   Reversed.

Trespass to recover damages for death of plaintiff's husband. Before WHEATON, J.

See Alexander v. Nanticoke Light Co., ante, p. 571 and Crowe v. Nanticoke Light Co., 206 Pa. 374.

Verdict and judgment for defendant.

*Errors assigned* were various instructions.

*Edmund G. Butler*, for appellant.

---

* See Crowe v. Nanticoke Light Co., 206 Pa. 374.   After the decision there reported the Supreme Court ordered a reargument of its own motion.—REPORTER.

*James L. Morris* and *John M. Garman*, for appellee.

OPINION BY MR. JUSTICE BROWN, October 10, 1904 :

On the evening of August 19, 1898, the same time that the appellant in the preceding case was injured, the husband of this appellant was shocked to death while using an incandescent light furnished by the same company, the present appellee. The case was taken from the jury by the learned trial judge and a verdict directed for the defendant. In his charge he instructed them that the burden was upon the plaintiff of proving the specific negligence of the defendant which caused the death of her husband, and stated that it was not bound to have " an equipment or plant containing the most modern and recent appliances, but only such as were in common and general use at that time for like purposes." In these instructions there was error, as appears from what we have said in the former case, and need not repeat here, as to the burden of proof and the very high degree of care, skill and diligence required of the light company in the construction and maintenance of its plant and appliances for the purpose of furnishing light to its customers.

The court was further of opinion that the People's Electric Light, Heat and Power Company, as lessee of the appellee, was liable to the plaintiff, if there was any negligence that caused her husband's death, and the instruction to the jury in directing a verdict for the defendant was that the lessor was not liable for the wrongful acts of its lessee. As a general proposition, this was undoubtedly correct, but, under the evidence showing that the contract of the deceased at the time he was killed was still with the appellee to furnish him light ; that in the very month of his death that company, upon notification by another customer of electrical disturbances, had remedied them temporarily ; and that bills for light furnished in August, October and November, 1898, had been received by the appellant from the appellee, made out to her as the debtor to it as the creditor, payments for which were made by her at its office to its clerk, who receipted for the payments in its name, it was not for the court, but for the jury, to say whether the appellee could shelter itself under a lease bearing date June 28, 1898, but which was not recorded until January 10, 1900, of

which the deceased knew nothing and of which the plaintiff had no notice until the statutory period within which she was bound to bring her action had expired.    The eleventh, twelfth, thirteenth and fourteenth assignments of error are sustained.

Judgment reversed and a venire facias de novo awarded.