# Seitzinger, Appellant, v. Burnham.

*Negligence—Master and servant—Independent contractor—Unsafe appliance—Electric wiring.*

1. Ordinarily an employer who engages an independent contractor to furnish his plant with light is relieved from liability for injuries to an employee caused by defective wires or appliances, if due care has been exercised in the selection of a competent independent contractor.

2. In an action by an employee against his employer to recover damages for personal injuries caused by the alleged negligent and defective installation of electric light wiring the plaintiff's case must fail, if he merely shows the happening of the accident without any evidence whatever of the cause of the accident and does not establish either that the defendant or the independent contractor who had installed the wiring had been negligent, or that incompetent electricians had been employed to do the work, or to examine, approve and inspect the wires and plant.

*Negligence—Res ipsa loquitur.*

3. The maxim res ipsa loquitur is the expression of an exception to the general rule applicable to cases of negligence, which is that the negligence charged will not be presumed but must be affirmatively proven.

Argued Jan. 6, 1909. Appeal, No. 182, Jan. T., 1908, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1904, No. 4,317, on verdict for defendants in case of George Seitzinger v. George Burnham et al., trading as Burnham, Williams & Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KINSEY, J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendants.

Verdict and judgment for defendant. Plaintiff appealed.

· *Error assigned* was in giving binding instructions for defendants.

*George C. Muhly,* for appellant.—The duty of the defendants

was analogous to the duty of a municipality and of an electric light company to exercise a careful supervision of the wires and to keep them in a perfect condition, they having released the liability of the Brush Electric Light Company in their contract with them, and the same degree of care and diligence was required of them as was required of a telephone or electric light company in dealing with so dangerous an element: Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540; Mooney v. Luzerne Borough, 186 Pa. 161; Devlin v. Beacon Light Co., 198 Pa. 583; Alexander v. Light Co., 209 Pa. 571; Combs v. Tel. & Tel. Co., 218 Pa. 440; Aument v. Penna. Tel. Co., 28 Pa. Superior Ct. 610; Rauch v. Smedley, 208 Pa. 175.

  *John G. Johnson,* with him *James Wilson Bayard,* for appellee.—The master's duty to furnish a safe place and appliances is fulfilled as to those he himself provides when he furnishes those usual in the business: Titus v. R. R. Co., 136 Pa. 618; Reese v. Hershey, 163 Pa. 253; Kehler v. Schwenk, 144 Pa. 348; Dooner v. D. & H. Canal Co., 171 Pa. 581; Keenan v. Waters, 181 Pa. 247; Service v. Shoneman, 196 Pa. 63; Prudy v. Westinghouse Electric & Mfg. Co., 197 Pa. 257; Kilbride v. Carbon Dioxide, etc., Co., 201 Pa. 552; Diver v. Singer Mfg. Co., 205 Pa. 170; Powell v. American Sheet & Tin Plate Co., 216 Pa. 618.

  The master's duty to furnish a safe place and appliance is fulfilled as to those he procures from others when he procures those usual in the business from a competent dealer or manufacturer and provides adequate inspection: Ardesco Oil Co. v. Gilson, 63 Pa. 146; Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185; Service v. Shoneman, 196 Pa. 63; Anderson v. Hays Mfg. Co., 207 Pa. 106; McNeil & Bro. Co. v. Steel Co., 207 Pa. 493.

  The rule res ipsa loquitur does not apply to this case: Stearns v. Spinning Co., 184 Pa. 519; East End Oil Co. v. Torpedo Co., 190 Pa. 350; Spees v. Boggs, 198 Pa. 112; Clark v. Foundry Co., 219 Pa. 426; Lewis v. Penna. R. R. Co., 220 Pa. 317; Cavanaugh v. Coal Co., 222 Pa. 150; Fitzgerald v. Electric Co., 200 Pa. 540; Alexander v. Light Co., 209 Pa. 571; Devlin v.

Beacon Light Co., 192 Pa. 188; Delahunt v. United Tel. & Tel. Co., 215 Pa. 241; Combs v. Del. & Atlantic Tel. & Tel. Co., 218 Pa. 440; Weir v. Haverford Electric Light Co., 221 Pa. 611.

OPINION BY MR. JUSTICE ELKIN, March 1, 1909:

The negligence charged in the statement of claim is that the electric wiring in and about the roundhouse in which appellant worked had been so carelessly, negligently and defectively erected and constructed by the appellees, or by an independent contractor who undertook to furnish the building with electric light, as to make the place so unsafe and dangerous as to cause the injuries about which complaint is made and for which damages are sought to be recovered in this action. This is not a case for the application of the doctrine of res ipsa loquitur. This maxim is in itself an expression of an exception to the general rule applicable to cases of negligence which is that the negligence charged will not be presumed, but must be affirmatively proven. The evidence produced at the trial by the appellant did not establish facts so exceptional in character as to justify the application of a maxim carefully restricted by repeated decisions of this court and which is in derogation of the general principle underlying the law of negligence, to wit: that the negligence charged must be established by evidence.

The appellees are manufacturers of locomotives and are not engaged in the business of furnishing electric current or producing electric light. They did not install the electrical machinery, appliances or lamps with which the building in question was lighted. They entered into a contract with the Brush Electric Light Company to install the necessary lamps, wires and fixtures and to furnish the necessary current for lighting purposes. Ordinarily, an employer who engages an independent contractor to furnish his plant with light is relieved from liability for injuries to an employee caused by defective wires or appliances, if due care has been exercised in the selection of a competent independent contractor. In this case no question is raised as to the competency or responsibility of the independent contractor, but it is contended that inasmuch as the independent contractor was relieved from liability for injuries resulting from the use

of lamps or wiring, under the express terms of the contract, the employers are in the same position as if the plant to furnish the light had been installed and operated by them. In our view of the case it is not important to determine this question. If this contention be sound and the liability for injuries caused by negligence did rest upon appellees, the evidence does not prove it. If, on the other hand, the independent contractor had not relieved itself from liability for damages under the contract and an action had been brought against that company for the injuries received, the evidence produced at the trial would not warrant the submission of the case to the jury. The happening of the accident is the only evidence from which negligence can be inferred, and under the facts of the case this is not sufficient. The evidence is that the wiring and lamps were installed in a proper manner, that the insulation was sufficient for the use intended, that the best and most improved materials and appliances had been provided and that inspections had been frequent and ample. There was no actual or constructive notice to the appellees or to the electric company of a defective condition, nor was there any evidence to show that incompetent electricians had been employed to examine, approve and inspect the wires and plant. The evidence does not disclose how nor why the accident occurred. It does show that appellant while guiding the portable stack which was lifted by a crane in order to connect the standpipe and engine, pushed it against the electric wire and a current of electricity passed through the portable stack and he received a shock which caused the injuries about which complaint is made. Under these circumstances the court is unanimously of opinion that there was not sufficient evidence of negligence to submit to the jury.

Judgment affirmed.