# Grogan *v.* J. H. Hinkle & Co., Inc., Appellant.

*Negligence—Master and servant—"Fellow servant"—Words and phrases.*

Generally speaking, a fellow servant is one who is under the direction and control of the same master, and servants of different masters are not deemed fellow servants within this rule, although they are working together for the same ultimate purpose on the same premises. Where a servant works side by side with one employed by his master as an independent contractor, or with a servant of such contractor, or the latter servant works with the servant of a subcontractor, they are not fellow servants even though they help to do the same work for the benefit of the same ultimate employer.

It is the duty of independent or different masters engaged about the same general employment to use such ordinary care and diligence in the conduct and prosecution of their several contracts or employments so as not to expose the servants of the master work-

ing with them to danger, and if injury results to the servants of either, through failure to exercise such care and diligence, the master whose servants caused the injury will be liable in damages.

Argued Oct. 16, 1918. Appeal, No. 36, Oct. T., 1918, by defendant, from judgment of Municipal Court Philadelphia Co., July T., 1917, No. 158, on verdict for plaintiff in case of Joseph Grogan v. J. H. Hinkle & Co., Inc. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WHEELER, J.

The opinion of the Superior Court states the circumstances of the accident.

The court charged in part as follows:

[As you have been instructed before, gentlemen of the jury, negligence is the failure to exercise that degree of care that an ordinarily prudent man would use under similar circumstances. It is by this definition and test that you are to determine the liability of the defendant in this particular case. Did this foreman, for whom the defendant company is liable, conduct his work as an ordinarily prudent man would do under similar circumstance.] (1)

[There is not much essential variance between the testimony of the plaintiff's witnesses and the defendant's witness as to how this floor fell. What caused it to fall was undoubtedly the removal of the joist.] (2)

Verdict and judgment for plaintiff for $1,200. Defendant appealed.

*Errors assigned* were (1, 2) above instructions quoting them; (3) refusal of binding instructions for defendant and (4) refusal of judgment for defendant n. o. v.

*Bertram D. Rearick,* for appellant.—It is submitted that the defendant was under no obligation to the plaintiff greater than the duty which a master owes to his

servant to provide a safe place to work. Tested by such a rule the plaintiff did not make out a case for he did not show by any competent evidence that his injuries were due to the negligent cause for which the defendant was responsible and the mere happening of the accident is not sufficient to sustain his case: Ceen v. Cramp, 249 Pa. 415; Moore v. Penna. R. R. Co., 167 Pa. 495; Kaufhold v. Arnold, 163 Pa. 269; Simpson v. Phœnix Glass Co., 251 Pa. 208; Schiffer v. Sauer Co., 238 Pa. 550; Hagan v. Del. River Steel Co., 240 Pa. 222: Northern Cent. Ry. v. Hussan, 101 Pa. 1; Leonard v. Herrmann, 195 Pa. 222; Ford v. Anderson, 139 Pa. 261; Hanley v. Carnegie Steel, 256 Pa. 44; Donahue v. Kelly, 181 Pa. 93.

*Louis Goodfriend,* for appellee, cited: Kitchen v. Riter-Conley Mfg. Co., 207 Pa. 558; Miller v. Merritt, 211 Pa. 127; Alexander v. Maryland Steel Co., 189 Pa. 583; Conger v. Wiggins, 208 Pa. 122; Cohen v. Philadelphia & Reading Ry. Co., 211 Pa. 227; Farr v. Philadelphia & Reading Ry. Co., 24 Pa. Superior Ct. 332; Hanlon v. West Chester Traction Co., 28 Pa. Superior Ct. 223.

OPINION BY KEPHART, J., January 3, 1919:

Generally speaking, a fellow servant is one who is under the direction and control of the same master, and servants of different masters are not deemed fellow servants within this rule, although they are working together for the same ultimate purpose on the same premises. "Where a servant works side by side with one employed by his master as an independent contractor, or with a servant of such contractor, or the latter servant works with the servant of a subcontractor, they are not fellow servants even though they help to do the same work for the benefit of the same ultimate employer": 4 Thompson on Negligence, Second Edition, Sec. 4996-4997. In Kitchen v. Riter-Conley Mfg. Co., 207 Pa. 558, where an employee of the owner was injured while engaged in do-

ing work at the owner's direction in a part of the premises
where the manufacturing company was building an in-
clined plane for the owner, the court, commenting on
the employee's conduct, says: "He was acting in the
line of his duty, as an agent for his employer, in going
along the passageway to deliver a message to the de-
fendant's superintendent, at the time of the accident,
then the plaintiff had a lawful right to be where he was,
when he was hurt. In these instructions we see no
error. The defendant company had no exclusive right
to the use of the premises. The plaintiff had fully as
much right there, in the service of his employer, as had
the defendant, for both were engaged in carrying on dif-
ferent parts of the same general work of improvement at
the time." From what has been said it is the duty of
independent or different masters engaged about the
same general employment to use such ordinary care and
diligence in the conduct and prosecution of their several
contracts or employments so as not to expose the serv-
ants of the master working with them to danger and if
injury results to the servants of either, through failure
to exercise such care and diligence, the master whose
servants caused the injury will be liable in damages:
Johnston v. Ott Bros., 155 Pa. 17; Alexander v. Mary-
land Steel Co., 189 Pa. 582; Kitchen v. Riter-Conley Co.,
supra; Urban v. Focht, 231 Pa. 623.

The Supplee Alderney Dairy, desiring to demolish a
building on their property, located at 334 Market street,
engaged Hinkle & Company to tear down the structure
for them. While engaged in this work, the owner di-
rected one of its employees to remove certain pipes and
plumbing in the building. The appellee was working as
a helper under the direction of Manley, an employee or
foreman of the owner of the dairy. They were removing
certain pipes located on the second story of the build-
ing. The appellant was engaged in tearing down vari-
ous portions of the building and working in, around
and close to the second floor where the appellee and

Manley were working. Manley notified the defendant not to remove any part of the flooring upon which the appellee was working. The appellant's employees, including the foreman, had full knowledge of the fact that Manley and the appellee were working on the second floor. Without warning, the appellant's servants removed the joist which supported the second floor, causing it to collapse and fall to the ground, the appellee falling with it, sustaining severe injuries. Prior to the removal of the joist, the appellant gave no notice or warning that they intended to remove these supports.

The facts as here related and as found by the jury bring the case within the rule just quoted. We realize in the destruction of a building there is no attempt or obligation to make it or any part of it secure. On the contrary, the work of removal is one in which each part of the structure is rendered insecure, and every workman should understand this when he engages in such employment. Where an employee engages in work which is obviously dangerous and from which there is a possibility that he may be injured, he assumes the risk of such employment. We have, however, here an employee who is lawfully engaged in an independent work that is closely associated with the work of the appellant's, in the same general plan or scheme. He was not a licensee nor a fellow servant with the appellant's employees. It was dangerous employment, but it did not give the appellant the right to unnecessarily cause the employee to be injured. Appellant must have known what would happen when all of the supports of the flooring were removed. While the removal of the joist may have been the usual and ordinary way to remove the flooring, it did not become so when it was known to the appellant that the servants of the owner or of an independent contractor were engaged on this floor in removing a part of the building in a position which made it extremely dangerous if the joists were removed in the manner testified to. Their knowledge of the ap-

pellee's position, their failure to warn him of their acts, and the removal of the joist under these conditions, constitute the negligence relied upon by the appellee. Indeed, it might be very well said that in the interest of preserving the property being torn down, opportunity should have been given to remove these pipes that they might not be destroyed by the collapse of the building, but, without this, the case was clearly for the jury and was properly submitted by the trial judge. The statement of claim fully covered the negligent manner of doing the work, as well as the failure to give warning.

The court did not err in its charge to the jury as complained of in the first assignment of error, nor in his observation of the evidence as contained in the second assignment of error.

All of the assignments are overruled and the judgment is affirmed.