Duane, Appellant, *v.* Pennsylvania R. R. Co.

Argued January 5, 1933. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Joseph J. Dudley,* for appellant.

*Philip Price,* with him *Barnes, Biddle & Myers,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, February 1, 1933:

This appeal from judgment entered for defendant non obstante veredicto is brought by plaintiff, who instituted suit to recover damages for the death of her son, Thomas Duane, a lieutenant in the fire department of the City of Philadelphia.

In the course of his duty, decedent was called with other members of his company to extinguish a fire in a wooden structure in connection with defendant's "high line bridge," where it crosses above the elevated trolley tracks on Market Street at 31st Street in the City of Philadelphia. While so engaged, he received an electric shock and burns from high tension wires attached to the bridge, which resulted, a day later, in his death.

Considering the testimony in the light most favorable to plaintiff (Koontz et al. v. B. & O. R. R., 309 Pa. 122, 127; Riefer v. Niehl Trans. Co., 309 Pa. 251), we find decedent, upon arriving at the bridge, climbed a ladder with another fireman to direct the chemical hose on the burning portion of the structure. The top of the ladder

rested inside the lower line of the bridge. On brackets extending from the outside lower edge were three or four high tension wires strung parallel with the bridge, ten or twelve inches apart. Decedent, being warned to keep clear of these wires, replied that they were "dead," i. e., free from electric current, and reaching out, grasped one or more of them with his bare hands without harmful effect. Later, he went above, with his battalion chief and others, to the floor of the bridge, where the fire was still burning in a footwalk or flooring, and was again personally warned of danger from high tension wires. Having removed a section of a wire cage enclosing wires at that point and bearing warning signs stating, "Danger, live wire, keep off," decedent stepped down among the wires and leaning over, called to the fireman below, on the ladder where decedent had formerly been, to attach the chemical hose to his metal axe, which he extended downward at arm's length. The axe was thus brought in close proximity to the wires outside the bridge, one or two of which decedent had previously tested when below on the ladder. Although the outstretched axe was not actually seen to touch any of the wires, there was a loud report, a flash of fire, and deceased was discovered so seriously shocked he died next day.

Plaintiff contends the railroad company was negligent in that electric current was turned on, without warning to the firemen, through wires deceased previously said were "dead," and that, since he had tested one or two of the wires for current, decedent was not guilty of contributory negligence, as he was found to be by the court below. There is, however, no proof, but only an assumption on the part of plaintiff, that the current which killed her son was transmitted through his axe from a wire he had tested and found harmless; and that fact cannot be inferred from the circumstances before us. Decedent was within a particularly dangerous area of possible electrical contacts, among wires carrying volt-

age sufficient to cause death. In addition to the wires tested by decedent, there were others on the same brackets in which the current may have been flowing continuously and which might have been and no doubt were the source of the electric shock which killed him.

Furthermore, assuming only for the purpose of argument that the current was turned on in wires that before had been dead, there is no adequate testimony that defendant had been advised of a fire in the neighborhood of the high tension wires and of danger to the firemen engaged in extinguishing it.

Under the circumstances above related, the evidence fails to establish negligence on the part of defendant company, consequently it is not necessary to refer further to the possible contributory negligence of deceased.

The judgment is affirmed.