## Schilling v. Pittsburgh Engineering, Foundry & Construction Company, Inc., Appellant.

Argued March 22, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. Clyde Grubbs,* for appellant.

*Louis Little* and *Henry Kauffman,* for appellee, were not heard.

PER CURIAM, April 23, 1934:

Defendant appeals from refusal of judgment non obstante veredicto in an action of trespass to recover damages for personal injuries. The jury's verdict for plaintiff in the amount of $16,000 was subsequently reduced to $10,000 by the trial judge, and judgment entered thereon. Considering the testimony in the light most favorable to plaintiff (Duane v. P. R. R. Co., 310 Pa. 334), the salient facts concerning the accident are as follows:

Plaintiff was a truck driver employed by the Hagen Transportation Company, which concern had entered into an oral contract with defendant to haul steel beams and other building materials from defendant's plant to a near-by building site. Defendant loaded the steel at its plant and unloaded it at the point of destination. Plaintiff was not expected to assist in the labor of loading or unloading the truck other than merely to direct the placing of the material so that the load would be balanced and not damaged in transit. It was his duty, however, to bind the beams to the truck if necessary, and to drive

the vehicle to its destination. At the time of the accident, plaintiff was standing in the bed of the truck supervising the loading of steel H-beams twenty-six feet long. Three beams had been placed on the truck by means of an electric crane operated on a monorail. A fourth beam was raised over the truck, but in being lowered into position it slipped from its attachment—a beam hook—due to the negligence of defendant's employees, and fell upon plaintiff, injuring him severely. The jury's verdict has settled any question of defendant's negligence or of contributory negligence on the part of plaintiff, and the testimony amply supports its finding. The only defense relevant to our inquiry is whether the facts bring plaintiff within the fellow-servant rule in such manner as to make the Workmen's Compensation Law his sole remedy. We are of one mind that the common-law action was proper and the judgment should stand.

The facts, as related above, demonstrate conclusively that the Hagen Transportation Company was an independent contractor and plaintiff, its employee, was not within the scope of the Workmen's Compensation Act as regards defendant. "Where a servant works side by side with one employed by his master as an independent contractor, or with a servant of such contractor, or the latter servant works with the servant of a subcontractor, they are not fellow servants even though they help to do the same work for the benefit of the same ultimate employer": Grogan v. Hinkle & Co., 70 Pa. Superior Ct. 585, 587. See also McKnight v. S. S. Kresge Co., 285 Pa. 489.

Judgment affirmed.