Norris, Appellant, *v.* Philadelphia Electric Company.

Argued January 3, 1939. Before MAXEY, DREW, LINN, STERN and BARNES, JJ.

*William T. Connor,* with him *Hardie Scott* and *John R. K. Scott,* for appellant.

*John P. Connelly,* for appellee.

OPINION BY MR. JUSTICE DREW, March 22, 1939:

Plaintiff brought this action to recover damages for the death of her husband, which she alleged was caused by defendant's negligence. From a judgment entered in favor of defendant, under the authority of the Act of April 20, 1911, P. L. 70, after the discharge of the jury because of its failure to agree upon a verdict, plaintiff took this appeal.

Reviewing the record, as we must under such circumstances, in the light most favorable to plaintiff and giving her the benefit of every reasonable inference *(O'Malley v. Laurel Line Bus Co.,* 311 Pa. 251, 253), we find the following facts: On the afternoon of August 30, 1937, plaintiff and her husband were alone on the second floor of their residence in Wyncote, Pennsylvania. About four o'clock he went to the first floor, and some twenty minutes later she heard him scream. She ran down the stairs and found him standing in the dining room holding a bridge lamp in his hands. The cord of the lamp was plugged into a lighted overhead fixture. There was no light burning in the lamp. Plaintiff turned off the switch on the dining room wall, extinguishing the light in the permanent fixture; whereupon her husband dropped the lamp, slumped to the floor and shortly thereafter was pronounced dead from electric shock. The lamp was owned by plaintiff and her husband and was under their management and control. It had not been in use for some time prior to the accident and did not belong in the dining room. Defendant company admitted that it furnished electricity to plaintiff's residence.

Plaintiff did not produce any evidence to prove the specific acts of negligence with which she charged defendant. She contends, however, that having shown an

accidental death caused by electric current furnished by defendant, that the maxim res ipsa loquitur is applicable, and that an inference of negligence is warranted from the circumstances of the death, and that the lower court erred in entering judgment for defendant.

The facts of this case make that doctrine inapplicable here. We have by consistent and repeated decisions limited its application, because it is in derogation of the general principle underlying the law of negligence, to wit: that the negligence charged must be established by evidence: *Seitzinger v. Burnham,* 223 Pa. 537. This court has held that the doctrine has the effect of creating a presumption of liability on the part of defendant, and places on him the duty to establish by a preponderance of the evidence that the accident occurred notwithstanding his exercise of care: *Johns v. Pennsylvania Railroad Co.,* 226 Pa. 319; *Shaughnessy v. Director General of Railroads,* 274 Pa. 413. Since the presumption is so strong, this court has strictly limited the res ipsa loquitur doctrine to cases where the circumstances are free from dispute and show, not only that the cause of the accident was under the *exclusive* control of defendant, but that in the ordinary course of experience no such result follows as that complained of, and that the damage could not possibly be attributed to any other cause: *Zahniser v. Pennsylvania Torpedo Co.,* 190 Pa. 350. The reason for the rule is that evidence of the cause of the accident is accessible to the defendant and not accessible to the plaintiff. The doctrine is not available to a plaintiff who is in a better position to produce evidence than the defendant: 5 Wigmore, Evidence, 2d Ed., Sec. 2509. For a plaintiff to successfully invoke the doctrine, not only must his own case be free from the inference that a source not within defendant's control could have produced the harm *(Rocap v. Bell Telephone Co.,* 230 Pa. 597), but he must also affirmatively eliminate all likely causes of the injury which are within his peculiar knowledge. Thus, we have held that despite the usual doctrine

of a presumption of due care on the part of a decedent
*(Michener v. Lewis,* 314 Pa. 156), where a plaintiff seeks
to rely upon the doctrine of res ipsa loquitur to get to
the jury, he must first put in evidence tending to nega-
tive contributory negligence or the doctrine will not ap-
ply: *Allen v. Kingston Coal Co.,* 212 Pa. 54. Likewise,
in situations such as the instant case, where there is an
instrumentality over which plaintiff had complete do-
minion intervening between the alleged cause and the in-
jury, plaintiff must show by evidence that there was no
defect in his appliance before the doctrine will be held
to operate. In *Lynch v. Meyersdale Electric Light, H. &
P. Co.,* 268 Pa. 337, plaintiff stated that three hours prior
to the accident she had looked at the extension lamp
which conveyed the fatal shock to her husband and "no-
ticed there was nothing the matter with it." With this
evidence before it, the jury found that there actually was
no defect in the appliance within the control of the plain-
tiff. Hence, the force that caused the fatality was traced
directly to an instrumentality within the exclusive con-
trol of defendant, a question of fact was raised which
was for the jury, and the court rightfully held that plain-
tiff's ownership of the household installations did not
shield defendant from the operation of the doctrine of
res ipsa loquitur. Similarly, in *Derrick v. Harwood
Electric Co.,* 268 Pa. 136, and *Seeherman v. Wilkes-
Barre Co.,* 255 Pa. 11, the respective plaintiffs put in evi-
dence that the appliances within their control were in
perfect order, with the result that defendant was singled
out as the only possible source of the injury. In the
present case plaintiff did not even try to negative the
possibility that the bridge lamp in her husband's hands
at the time of his death had contributed to the accident.
Her testimony indicates that she knew surprisingly little
about the lamp. She could not locate its usual place in
her house. She said it had not been in use, and that it
was not kept in the dining room where her husband had
it at the time of the accident. She said she did not know

if he had been working on the lamp. The fair inference derived from her testimony is that it was an old lamp, that it had not been in use, that she did not know where her husband had kept it, that at the time of the accident it was connected by a cord to the lighted electric fixture in the room, and that there was no light in the lamp itself.

In this situation it is impossible to apply the res ipsa loquitur rule. We said in *Zahniser v. Pennsylvania Torpedo Co.*, supra, at page 353: "It is essential that it shall appear that the transaction in which the accident occurred was in the exclusive management of the defendant, and *all the elements of the occurrence within his control*, and that the result was so far out of the usual course that there is no fair inference that it could have been produced by any other cause than negligence. *If there is any other cause apparent to which the injury may with equal fairness be attributed, the inference of negligence can not be drawn."* (Italics ours.) Here the lamp was the property of plaintiff and her husband and in their control, and it may have been the sole cause of the unfortunate occurrence. It would be unjust to require defendant to attempt to explain the cause of the death when other forces for which defendant was in no way responsible might have caused or contributed to it. The defendant did not sell the lamp to plaintiff or her husband, and had no knowledge of its existence or condition. Under such circumstances, there was no obligation on defendant to keep the lamp in repair, nor any liability to plaintiff for her husband's fatal contact with such appliance. To impose such an unreasonable obligation on electric companies would render their existence impossible: *Adams v. United L. H. & P. Co.*, 69 Pa. Superior Ct. 478, 486. As we said in discussing a similar situation in *Milton Weaving Co. v. Gas and Electric Co.*, 251 Pa. 79, 85, 86: "Here the question arises between the company and the consumer, the very person who erected, owned and controlled the defective wire,

and towards whom no duty on the part of defendant has been shown to exist in so far as inspection of the consumer's appliance is concerned." See also *Bube v. Weatherly Borough,* 25 Pa. Superior Ct. 88.

Where there is the possibility that an appliance within plaintiff's control brought about the injury and plaintiff does not narrow the only possible source of the harm down to an instrumentality within the exclusive control of the defendant, the doctrine of res ipsa loquitur does not apply. In *Harter v. Colfax Electric L. & P. Co.,* 124 Iowa 500, plaintiff alleged defendant was negligent in permitting excess voltage to get into plaintiff's hotel room, whereby plaintiff was injured. Plaintiff rested without any testimony as to the perfect condition of the intervening installations, which were not within the control of the defendant. In that case, as in the present one, plaintiff's own evidence revealed that the lights in the building were in no way affected by the accident, a factor negativing the charge of excess voltage, which was the specific negligence alleged in both cases. The Iowa court held that plaintiff could not employ the doctrine of res ipsa loquitur unless plaintiff established that instrumentalities within defendant's exclusive control could have been the sole cause of the injury.

The cases of *Alexander v. Nanticoke Light Co.,* 209 Pa. 571; *Crowe v. Nanticoke Light Co.,* 209 Pa. 580; *Delahunt v. United T. & T. Co.,* 215 Pa. 241, and *Fox v. Keystone Telephone Co.,* 326 Pa. 420, relied upon by plaintiff, are distinguishable in that in those cases the reason that this court considered the doctrine applicable was because plaintiff's own evidence revealed that the wire or appliance involved was either the property of, furnished by or under the exclusive control of the defendant, and hence it was proper to place the burden of proof on defendant of showing that negligence on its part did not cause the accident.

Judgment affirmed at appellant's cost.