Meyer *v.* Harvey, Appellant.

484

Argued April 30, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*Francis A. Wolf,* with him *Leo A. Nunnink,* for appellant.

*Harry M. Montgomery,* for appellee.

OPINION BY KELLER, P. J., July 16, 1943:

Action of trespass for personal injuries. Verdict for plaintiff. Judgment for defendant non obstante veredicto refused and judgment entered for plaintiff on the verdict. Defendant appealed.

The undisputed evidence of the plaintiff—defendant offered no testimony—was as follows:

The plaintiff, Meyer, was employed by the Rudolph Wurlitzer Company as a general maintenance man at its building No. 719 Liberty Avenue, Pittsburgh. He tended the furnace, made repairs, operated elevators, both freight and passenger, and worked generally about the building. A part of his regular duties was to assist truck drivers, who were bringing merchandise for tenants of the building, to unload the trucks and get the merchandise to the tenants on the different floors of the building. On July 19, 1940, defendant's truck

driver, Larson, brought three crates of steel office equipment for General Office Machine Company, a first floor tenant of the building. The shipping or loading platform was being used by another tenant who was loading for deliveries. So Larson drove his truck into the alley, about thirty feet from the platform and told plaintiff he had three crates for the first floor tenant. As the space needed to unload at the platform was taken up, they decided to carry the crates from the truck to the platform. Larson got on the truck and moved his freight to the rear end. The end gate of the truck was about four feet from the ground. Then he got off the truck and the two of them lifted the first crate off— which weighed about 230 pounds—and carried it to the platform. The second crate, containing steel filing cabinets, weighed 390 pounds. Plaintiff said this was not an unusual weight for the two of them to carry. The crate was about four feet high, two feet wide and fifteen inches deep, but was in a horizontal position. Plaintiff took hold of the top of the crate and Larson of the bottom. Plaintiff was facing the merchandise, with his back to the building, and Larson faced him. As they were carrying the crate—plaintiff walking backward, "sort of semi-sideways" toward the platform, and looking in that direction "so [he] could see where [he] was going at the same time"—Larson's end suddenly went down, and the weight of the crate falling on plaintiff's leg broke it. Plaintiff did not see Larson's end of the crate fall. He did not know what caused it to fall. He said it dropped "all of a sudden", "unexpectedly". He said that the manner they were carrying the crate was the usual and customary way for two men to handle it. They had it down off the truck and had taken two or three steps towards the platform "when accidentally he [Larson] let go". What caused Larson to let go, the plaintiff did not know and did not say— "Whether his fingers slipped off the crate, I don't know"

486

(p. 29a). He did say it was not a voluntary act on Larson's part, so the cases which deal with a negligent premature *throwing down* of a steel rail or iron pipe in the unloading of a carload or truck load of them do not apply. The doctrine of *res ipsa loquitur* is not applicable here, for the handling of the crate was not "under the exclusive control" of Larson (*East End Oil Co. v. Penna. Torpedo Co.*, 190 Pa. 350, 353, 42 A. 707; *Saldukas v. McKerns*, 340 Pa. 113, 115, 16 A. 2d 30; *Norris v. Phila. Electric Co.*, 334 Pa. 161, 166, 5 A. 2d 114). The plaintiff had just as much control over it as Larson. The slipping may even have been caused by plaintiff and not by Larson. He may have walked faster than Larson could go, carrying his end of the heavy crate. In any event the plaintiff showed no *negligence* on Larson's part. The mere happening of the accident was not evidence of negligence. In *Schilling v. Pittsburgh E. F. & C. Co.*, 315 Pa. 94, 172 A. 118, held by the court below as ruling the case, the accident was due to the *negligence of defendant's employees in not securely fastening* a beam that was being lowered into position, which caused it to slip from its attachment and fall on the plaintiff, injuring him severely (p. 96). There is no such evidence of negligence in the present case.

The first and second assignments of error are sustained. The judgment is reversed and is now entered for the defendant.