# Lyttle, Appellant, *v.* Denny.

*Negligence—Innkeepers—Degree of care—Burden of proof—Folding bed.*

The duty imposed by law upon an innkeeper requires him to furnish safe premises to his guests and to provide necessary articles of furniture which may be used by them in the ordinary and reasonable way without danger.

Where the heavy top of a folding bed in a hotel falls forward and down upon a guest while he is quietly lying upon the bed, and injures him severely, the burden of proof is not upon the guest to show in detail what was wrong with the bed and the reason for its falling, but upon the inn-

keeper to show that the accident happened from no want of care on his part.

Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care.

*Practice, C. P.—Trial—Depositions—Evidence—Rules of court.*

Where a rule of court provides for the taking of depositions of ancient, infirm and going witnesses, it must be shown that the witnesses whose depositions are offered are within the classification of the rule, or that their presence in court cannot be obtained.

Argued Oct. 6, 1908. Appeal, No. 192, Oct. T., 1908, by plaintiff, from order of C. P. Cambria Co., June T., 1904, No. 250, refusing to take off nonsuit in case of A. C. Lyttle v. J. B. Denny. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before O'CONNOR, P. J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were (1) in refusing to admit certain depositions, and (4) in refusing to take off nonsuit.

*Thomas H. Greevy,* with him *J. C. Davies* and *E. G. Brotherlin,* for appellant.—The liability of a hotel keeper is more severe than that of any other bailee except a common carrier: 11 Am. & Eng. Ency. of Law (1st ed.), 51; Heh v. Consolidated Gas Co., 201 Pa. 443.

Where plaintiff shows a series of facts from which inference of negligence on the part of the defendant arises, that inference is sufficient to carry the case to the jury; having once arisen, it remains until overcome by countervailing proof, and the court cannot determine the question: Matthews v. R. R. Co., 18 Pa. Superior Ct. 10; East End Oil Co. v. Torpedo Co., 190 Pa. 350; Shafer v. Lacock et al., 168 Pa. 497; Fisher v. Ruch, 12 Pa.

Superior Ct. 240; Kepple v. Torpedo Co., 7 Pa. Superior Ct. 620; Brown v. Towando Borough, 24 Pa. Superior Ct. 378; Henderson v. R. R. Co., 144 Pa. 461; Devlin v. Beacon Light Co., 198 Pa. 583; Matthews v. R. R. Co., 18 Pa. Superior Ct. 10.

*M. D. Kittell*, with him *H. H. Myers*, for appellee.—The negligence of the innkeeper must be shown to have been the proximate cause of the injury to his guests: Weeks v. McNulty, 43 L. R. A. 185–187.

OPINION BY MR. JUSTICE POTTER, January 4, 1909:

From the history of this case it appears that in May, 1903, the plaintiff was a guest at the hotel of the defendant in Johnstown, Pa. In the room which was assigned to him there was an old style folding bed, with a wardrobe in the back, and so arranged that the bed portion would fold up so as to leave the bed in an upright position when not in use. The top of the bed was heavy, weighing about 300 pounds. The plaintiff occupied the bed during the night, and early the next morning as he was about to rise the top or upright portion of the bed fell forward upon him, crushing his head down upon his breast and inflicting severe injury. To recover damages for the injury thus caused the plaintiff brought this suit against the proprietor of the hotel. Upon the trial at the conclusion of plaintiff's testimony the court entered judgment of compulsory nonsuit, and from the refusal to strike it off the plaintiff has appealed.

The main question raised is as to the liability of an innkeeper to his guests. We find the general rule of law in this respect is thus stated in Beale on Innkeepers and Hotels, secs. 162, 163: "The innkeeper is bound to provide reasonably safe premises. . . . Both in original safety of construction and in maintenance the premises must be such as reasonably to secure the safety of the guest. So the innkeeper has been held liable for injury to the guest by the ceiling falling upon him, owing to its defective condition; by the elevator falling with him, after having been negligently inspected, although the innkeeper himself had employed a proper inspector and was not personally negligent; by the breaking of a defective railing by reason of which

the guest fell into an area; and by the guest falling off an unguarded stairway."

The authorities are in substantial agreement that while the duty of an innkeeper requires him to take reasonable care of the persons of his guests, he is not to be regarded as an insurer of their safety. His liability has sometimes been declared to be similar to that of a common carrier, but the better opinion seems to be that the degree of care required of an innkeeper is not so great as that which is imposed upon those who carry passengers for hire. In discussing this question in Clancy v. Barker (U. S. C. Ct. Ap., 8th Circ.), 131 Fed. Repr. 161, Judge SANBORN says: "While there are many loose statements in the books to the effect that the liability of common carriers to their passengers and the liability of innkeepers to their guests are similar, and while that proposition may be conceded, it is certain that the limits of these liabilities are by no means the same. A railroad company is liable to its passengers for a failure to exercise the utmost care in the preparation of its road and the operation of its engines and trains upon it, because the swift movement of its passenger trains is always fraught with extraordinary danger, which it requires extraordinary care to avert. But an innkeeper's liability for the condition and operation of his hotel is limited to the failure to exercise ordinary care, because his is an ordinary occupation, fraught with no extraordinary danger." It may be assumed, then, that the duty imposed by law upon an innkeeper requires him to furnish safe premises to his guests, and to provide necessary articles of furniture, which may be used by them in the ordinary and reasonable way without danger. Did the defendant, then, in this case, use such reasonable care in the discharge of this duty to the plaintiff who was his guest? The testimony introduced showed the fact and manner of the accident, but stopped short of pointing out the exact defect in the bed which caused it to fall down upon and entrap the plaintiff. The trial judge thought it was incumbent upon the plaintiff to show in detail just what was wrong with the bed, and the reason for its falling; and because this did not appear from the testimony offered by the plaintiff, judgment of nonsuit was entered. We do not agree

with his view in this respect. Bearing in mind the duty of the innkeeper to guard with reasonable care the safety of his guests, proof of the happening of such an extraordinary accident casts the burden of explanation at once upon the defendant. The accident was so far out of the usual course that no fair inference can arise that it could have resulted from anything less than negligence upon the part of the management of the hotel. Beds do not usually operate as spring traps to close upon and catch the confiding guest. Yet the bed furnished by the defendant to the plaintiff in this case, proved to be just such a dangerous trap. Without any apparent cause the heavy head fell forward and down over the plaintiff while he was quietly lying upon the bed, and injured him severely. This could not have occurred had the bed been in proper condition for use. We think the facts bring the case within the rule laid down in Scott v. London, etc., Docks Co., 3 Hurlst. & C. 596, and often applied by this court, as in Delahunt v. United Tel., etc., Co., 215 Pa. 241, where the principle is stated as follows (p. 248): "Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care." The circumstances under which this accident occurred were certainly such as to call for full explanation by the defendant. The facts indicate a lack of reasonable care upon his part, and it is for him to show why he should be relieved from liability.

Counsel for appellant also complain of the exclusion of certain depositions which were offered in evidence. But it appears that no rule of the lower court authorized the taking of the depositions of the witnesses in question, and they were therefore properly excluded. The rules of the Cambria county court provide for taking the depositions of ancient, infirm and going witnesses, but it was not shown that these witnesses were within this classification, or that their presence in court might not be obtained.

The first, second and third assignments are overruled, but as

we deem the facts shown sufficient to take the case to the jury upon the question of the defendant's negligence, the fourth as- .signment of error is sustained, and the judgment is reversed with a procedendo.