Tamres, Appellant, v. Reed.

Argued March 14, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*J. Edgar Small,* for appellant.

*George Hay Kain,* for appellee.

Opinion by Keller, J., April 17, 1933:

This action of trespass was brought by the plaintiff to recover from the defendant, a hotel keeper, damages for the injuries which he alleged he suffered from the collapse of the bed on which he was lying as a guest in defendant's hotel.

The evidence of the plaintiff, which was uncontradicted—the defendant offered no testimony—tended to prove that the box spring of the bed was supported on each side by two wooden blocks, or cleats nailed to the side pieces of the bed frame, and that the nails holding these blocks or cleats on one side gave way, throwing the plaintiff against the side of the bed and injuring him.

The jury rendered a verdict for the defendant.

The assignments of error are directed to the court's refusal to direct a verdict for the plaintiff, and to the court's charge and answers to points.

As the plaintiff's case, in all its constituents, rested wholly upon oral evidence, binding instructions in his favor could not properly have been given: Boro. of Nanty Glo v. American Surety Co., 309 Pa. 236, 163 Atl. 523. To have ruled otherwise would have made the hotelkeeper an insurer of the safety of his guests, which he was not: Lyttle v. Denny, 222 Pa. 395, 398, 71 Atl. 841.

The plaintiff's second point (see reporter's statement) was properly refused because it was a combination of two parts, one of which could be affirmed without qualification, and the other of which could not. It was "not incumbent on the plaintiff to produce testimony pointing out the exact defect in the bed which caused it to collapse, resulting in injury," but in this case he had done so, by testifying that the blocks or cleats on one of the side pieces of the bed frame had pulled out. The language had been taken from the syllabus of the case of Lyttle v. Denny, supra, where

a folding bed had fallen forward and down over the plaintiff while he was lying in bed, and the Supreme Court held that that evidence was sufficient to take the case to the jury without evidence on the plaintiff's part as to the exact defect which caused it to fall. While the sentence just quoted was not strictly applicable to the facts of this case, it would no doubt have been affirmed had it stood alone. But to it was added: "and if the plaintiff produces evidence showing the fact and manner of the accident, casts the burden of explanation at once upon the defendant." This assumes that the jury must believe the evidence produced by the plaintiff, and unnecessarily brings into the case the troublesome phrase, 'burden of explanation,' which, unless clarified, is liable to be confused by the jury with 'burden of proof,' and lead them to think that they *must,* rather than only *may,* find for the plaintiff, if the defendant offers no proof. What the case of Lyttle v. Denny, supra, decided, and all that the plaintiff had a right to ask the court to charge, was that the happening of the accident as described by the plaintiff, if believed by the jury, was sufficient evidence of negligence on the part of the defendant, to justify a finding by them that he was negligent, and to warrant a verdict for the plaintiff for such damages as they found, from the evidence, he had sustained. A trial judge is not bound to remould points for charge presented to him. If they are not strictly in accordance with the facts in evidence or the law of the case, he may refuse them.

The third point( see reporter's statement) was likewise taken from the opinion in Lyttle v. Denny, supra, where the accident was the unusual one before described; and it was this unusual circumstance which gave rise to the following language: "Bearing in mind the duty of the innkeeper to guard with reasonable care the safety of his guests, proof of the happening of such

an extraordinary accident casts the burden of explanation at once upon the defendant. The accident was so far out of the usual course that no fair inference can arise that it could have resulted from anything less than negligence upon the part of the management of the hotel. Beds do not usually operate as spring traps to close upon and catch the confiding guest. Yet the bed furnished by the defendant to the plaintiff in this case, proved to be just such a dangerous trap. Without any apparent cause the heavy head fell forward and down over the plaintiff while he was quietly lying upon the bed, and injured him severely. This could not have occurred had the bed been in proper condition for use. We think the facts bring the case within the rule laid down in Scott v. London, etc., Docks Co., 3 Hurlst. & C. 596, and often applied by this court, as in Delahunt v. United Tel., etc., Co., 215 Pa. 241, where the principle is stated as follows (p. 248) : 'Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care.' '' It will be noted that even in the Lyttle case, while its language is very broad, the court did not hold that proof of the happening of the accident warranted binding instructions for the plaintiff or raised a presumption which required a verdict in his favor unless the defendant satisfactorily explained the accident, but that it afforded *reasonable evidence* of negligence, which justified the submission of the case to the jury. And that is, in effect, what the general charge of the court in this case amounted to. Had the third point been read to the jury and then refused, we would reverse, even though the loosening of the blocks or cleats supporting the box spring

is not such an unusual accident as the dropping of a folding bed top, and is not in the nature of a 'spring trap to close upon and catch the confiding guest.' In Field v. Empire Case Goods Co., 166 N. Y. Supp. 509, which was an action by a user, who had bought the bed from a retailer, against the manufacturer of the bed for damages resulting from the loosening or pulling out of a cleat or strip nailed to the side piece of a bed, which supported the mattress, thus letting the plaintiff down on the floor, the court said: "the drop to the floor, however, is so slight, and the body of the occupant usually so well surrounded by protecting bedding, that bodily injuries cannot be reasonably expected to result therefrom." That case, it is true, was decided in favor of the defendant, who had no dealing or contractual relation with the plaintiff, because such a bed was not in and of itself imminently and inherently dangerous; but it furnishes some ground for failing to apply all of the language of the opinion in the case of Lyttle v. Denny to this one.

But the point was not read to the jury. It was refused without reading. And as the charge of the court fairly submitted the issue to the jury and left it to them to find from the evidence submitted by the plaintiff, (which, it was pointed out, was uncontradicted), if they believed it, the negligence of the defendant and the damages sustained by the plaintiff, we are of opinion that no harm was done the plaintiff. The point was largely an epitome of what the court said at greater length in its general charge; and having, in effect, said it in the charge, the plaintiff could not require it to be said again. It would be otherwise if the court had read it to the jury and then refused it.

The jury were not bound to believe the plaintiff's testimony, and in its opinion refusing a new trial, the court, which saw and heard him testify states that, "There was enough in his testimony to discredit it to

such an extent that the court cannot now say that the verdict was against the weight of the evidence." This, rather than the failure to affirm the point, is the answer to the jury's verdict. See Burke v. Kennedy, 286 Pa. 344, 349, 133 Atl. 508.

The assignments of error are overruled and the judgment is affirmed.