## Manchester v. Barnett et al., Trustees

SCHAEFFER, P. J., January 25, 1936.—The plaintiff by this bill seeks to recover damages for personal injuries from the defendants as trustees and representatives of an unincorporated beneficial association. Upon the trial, at the close of the plaintiff's testimony, the chancellor granted the defendants' motion for a dismissal of the bill upon the ground that no negligence on the part of the defendant had been shown. To this action the plaintiff filed an exception.

In passing upon the correctness of the action of the chancellor, as in applications to take off a nonsuit, we must accept the testimony of the plaintiff and her witnesses as true. The testimony is to the effect that about 3 a. m. on November 17, 1931, the plaintiff, being a registered paying guest at the Daniel Boone Hotel, owned by the defendants, was badly burned or scalded while taking a shower bath in the room assigned to her. She testified:

"The shower was a tub-shower, in the bath tub, and after taking my shower I tried to turn it off, and instead of turning it off it went around to the scalding hot water, and the easiest way to get from beneath the scalding water was to step to the side of the tub, instead of stepping out of the tub through the hot water. By then I had been badly scalded and called my mother, to ask her to turn off the hot water. She was unable to do so, so the only way I could get out of it was to throw myself through the hot water and fall to the floor. Mother called the desk and asked the bellboy to get first aid treatment, because the skin had been peeled from my arm. When the bellboy arrived she asked him to turn off the hot water. He was unable to do so himself and called for the night clerk, who turned it off with a pair of pliers."

After consideration of the principles involved and the authorities, we are of the opinion that it was error for the chancellor summarily to dismiss the bill upon the ground that no negligence on the part of the defendants appeared. An innkeeper is not an insurer of the safety of his guests, and his liability does not rise as high as that of a common carrier to its passengers; but, as was said in Lyttle v. Denny, 222 Pa. 395, 398: ". . . the duty imposed by law upon an innkeeper requires him to furnish safe premises to his guests, and to provide necessary articles of furniture, which may be used by them in the ordinary and reasonable way without danger." In that case the plaintiff had been injured by the fall of the top or upright portion of a folding bed, and it was held that it was not necessary for the plaintiff to show in detail just what was wrong with the bed and the reason for its falling, but that proof of the happening of such an extraordinary accident cast the burden of explanation at once upon the defendant. That case, we believe, rules the present; the bath equipped with a shower was part of the furniture supplied to the plaintiff, and the plaintiff had a right to believe that she might use the shower in the ordinary and reasonable way without danger. The fact that when she turned off the shower scalding hot water was emitted, and that neither she nor her mother nor the bellboy could turn off this cascade of scalding water without using pliers, is certainly unusual and extraordinary and is evidence tending to show that the faucet was not in proper condition for safe use.

When an innkeeper lets a room with bath to an accepted guest, the latter, in the absence of warning or notice to the contrary, has a right to assume that the furniture and appliances in the room and bath are in good condition and repair to be used by the guest in the manner and for the purposes to which such furniture and appliances are commonly put. When the defendants assigned the bath in question, the plaintiff had a right to use it as a bath with full confidence that the faucets were in good working con-

dition and capable of manipulation in the ordinary manner so as to permit her readily to control the flow of both hot and cold water. The assignment of the bath without any warning or notice by defendants of any defect in the faucets was a holding out by them to the plaintiff, in consideration of the charge made for the bath, that the bathroom appliances were in good condition and could be used by the plaintiff in the ordinary manner for the purpose for which they were intended. The proof of injury resulting from their failure to work in the usual way throws the burden of explanation upon the defendants.

As the plaintiff's case depends upon oral testimony, the credibility of herself and her witnesses is for the fact finding body, the chancellor in this proceeding. But if the case had been before a jury, the plaintiff would have had a right to have the court charge that the happening of the accident as described by her, if believed by the jury, was sufficient evidence of negligence on the part of the defendants to justify a finding by them that the defendants were negligent and to warrant a verdict for the plaintiff for such damages as they found from the evidence that she had sustained: Tamres v. Reed, 109 Pa. Superior Ct. 28.

The bill alleges that the lodge for which the defendants were trustees "was the owner and proprietor" of the hotel; there is, however, neither allegation nor proof that the defendants or the lodge were the operators of the hotel. But the defendants have made no point of this omission. Does the plaintiff seek to charge the defendants as the owners and lessors, or as the operating owners? As there are different bases of liability in these two situations, we call attention to the matter so that upon further hearing the precise relationship between the defendants and the plaintiff may be made to appear.

And now, to wit, January 25, 1936, the plaintiff's exception to the court's order sustaining the defendants' motion to dismiss the bill is sustained and a new trial granted. An exception is noted in favor of the defendants.