Tomko *v.* Feldman, Appellant.

Argued April 29, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Samuel G. Wagner*, with him *George Y. Meyer*, for
appellant.

*William S. Doty*, with him *Thomas A. Thornton*, of
*Doty & Thornton* and *Alexander J. Bielski*, for appellee.

OPINION BY RHODES, J., September 29, 1937:

Plaintiff brought this action of trespass to recover
damages for the deaths of his wife and daughter, then
aged 22 years and 3 years, 9 months, respectively. It
was averred, in substance, that the deaths were caused
by the negligence of defendant, the operator of a hotel,
in that he failed to provide a safe method of heating the
room occupied by plaintiff's wife and daughter. The
jury rendered a verdict in favor of plaintiff, and, de-
fendant's motions for judgment n.o.v. and for a new trial
having been refused, defendant's executrix has appealed
from the judgment entered thereon. Under these cir-
cumstances, the evidence must be read in the light most
favorable to plaintiff. *Lessy v. Great Atlantic & Pacific
Tea Co.*, 121 Pa. Superior Ct. 440, 183 A. 657. When so
examined it appears that on February 22, 1934, between
1 and 2 o'clock a. m., Mrs. Tomko and her daughter en-
tered the Feldman Hotel, accompanied by a Mr. Davis.

Samuel Feldman, son of David Feldman, the defendant, testified that Mr. Davis registered "Fred Davis and wife," but the register was not offered in evidence, and it appears that it was customary to require no registry. Samuel Feldman had been introduced to Mrs. Tomko by her husband, the plaintiff, about eight or nine months previously, and had often seen her and the child in the company of plaintiff. On these occasions Samuel Feldman always spoke to them. Defendant also knew plaintiff and his wife. Mr. Davis, Mrs. Tomko, and the child were assigned to room No. 7. At the time the parties entered the hotel the temperature was 10 or 15 degrees above zero. The dimensions of the room were about 14 feet by 13 feet, the ceiling being 12 or 13 feet high. It had one window and one door, and was equipped with what is known as a Lawson heater which burned natural gas. The heater was offered in evidence, and is thus described in the opinion of the court below: "[This heater] consists of a perforated iron body somewhat cylindrical or oval in shape, about eight inches in length, with metal supports. It can be attached to a gas pipe by a coupling provided for that purpose. The gas is admitted through a 'mixer' at one end of the burner. The device stands on the floor with the burner less than a foot above it. It is portable and may be set anywhere. There is no means of carrying away such fumes as may be generated by the consumption of gas in the heater or of gases which may remain unconsumed." It was not attached to any flue, and there was no ventilation unless the one window was open. Samuel Feldman took the three persons mentioned to the room. The heater was subsequently lit by one of the occupants. About 3 a. m. he saw Mrs. Tomko leave the room to go to a bathroom. On the afternoon of February 22d, between 3 and 3:30, he entered room No. 7 and found Mrs. Tomko and the baby in the bed and Davis on the floor. They were all dead, death having occurred within a period of two to

six hours previously thereto. Death had been caused by carbon monoxide poisoning which was produced by the heater burning in the room.

Although defendant admitted that he and his wife were the owners of the building in which the occurrence took place, his affidavit of defense denied that he was the operator of the hotel. The second and third floors containing a number of rooms were used for hotel purposes, together with a reception room on the second floor. On the first floor there was a restaurant and beer parlor.

It was for the jury to determine from all the evidence whether the defendant was the operator of the hotel. The jury by its verdict so found, and the evidence was sufficient to warrant such a finding. Both defendant and his son Samuel assigned rooms to guests and received payment therefor. Although Samuel had a beer license for the restaurant on the first floor, and although he had a lease for the entire property from his father, the defendant, dated October 2, 1933, for a period of seven months, such facts were not conclusive and the jury was not bound to accept them. A lease can be prepared and dated at any time, and the rent receipts from defendant to his son are no more conclusive. Defendant was actively engaged in renting rooms in January and February, 1934, and this was true for a long time prior to February, 1934, except for short periods when he had leased the second and third floors to others. On one occasion the second and third floors, containing about 13 rooms, used as a hotel, were rented for three weeks to a tenant, at a total rental of $2 per night. In 1933 he sought to rent a room to plaintiff and his wife by the day, week, or month. The gas and electric light bills for the hotel were made out to defendant on contracts signed by him for the period in question. The credibility of the witnesses who testified to facts from which it could be inferred as to who was the operator was for the jury. The evidence amply sustains the jury's con-

clusion that defendant was the operator and responsible as such.

Defendant's negligence was likewise a question for the jury. If the room was procured for an unlawful purpose, such purpose, the jury could properly find, was known to defendant's servant in charge, and the parties were not subject, under the circumstances, to the rule applicable to trespassers. Defendant was liable to those assigned to room No. 7 for the failure to exercise ordinary care for the condition and operation of his hotel. *Lyttle v. Denny*, 222 Pa. 395, 398, 71 A. 841. See, also, *Ritchey v. Cassone*, 296 Pa. 249, 255, 145 A. 822. The evidence does not disclose that any fraud was perpetrated on defendant; and the inferences to be drawn were for the jury. Defendant had knowledge of the danger which would result to occupants of room No. 7 from the use of the heater installed by him in that room. This room had been equipped with the Lawson heater about 1930. The danger had been called to his attention, and he was told that no one could be put in that room on account of the gas fumes from the heater. It is of no consequence that defendant had no previous specific notice that the operation of this stove created a dangerous gas known as carbon monoxide. He knew or should have known that the room could not be safely used when the gas heater was lit. Nevertheless, on the early morning of February 22d, the man, woman, and child were assigned to this room for occupancy as such by defendant's servant and son, Samuel Feldman. The night was cold, and there were no other means of heating the room available. Samuel knew that this heater would be placed in operation by the occupants. In fact, when he took Davis and the wife and child of plaintiff to the room, he offered to light the heater himself. As a result the three occupants were killed by carbon monoxide gas produced by the heater. Under such state of facts defendant failed to exercise ordinary or reasonable care as the operator of his hotel in not providing a safe heat-

ing appliance; and he was liable to plaintiff for the deaths of the plaintiff's wife and child. It was plainly defendant's duty to furnish not only safe premises, but also to provide the necessary equipment in the room for use by its occupants, and such as could be used by them in the ordinary and reasonable way without danger. *Lyttle v. Denny,* supra. This the defendant did not do, and therefore is liable for the natural and probable consequences of the use of the heater by the occupants of the room for the ordinary purpose for which it had been installed by defendant. There is no evidence of misuse, and the question of contributory negligence was submitted to the jury. It was therefore proper that defendant's motion for judgment n. o. v. be discharged.

By its verdict the jury has found upon sufficient evidence: (1) That defendant was the operator of the hotel; (2) that, if the room was procured for an unlawful purpose, such purpose was known to defendant; (3) that the deaths of plaintiff's wife and child were due to negligence of the defendant. This leaves for our consideration appellant's contention relating to the verdict. We find no merit in this contention which is to the effect that to allow the verdict to stand is tantamount to an increase of the verdict against defendant. Appellant's argument in this connection is predicated on certain statements in the opinion of the court below overruling defendant's motion for judgment n. o. v., and refusing defendant's motion for a new trial. In its opinion the court below indicated that plaintiff was not entitled to recover for the death of his wife because the evidence established that the use of the room was illicit, and that she was therefore a trespasser not entitled to the degree of care imposed on an innkeeper in relation to guests, but that such evidence could not prevail as to the child, and that the verdict was justified for the liability of defendant for the death of the child alone. We are not in accord with these statements of the court below. The court below did not dis-

turb the verdict, but directed that judgment be entered thereon. Of course, the appeal is not from what the court has said in its opinion, but from the judgment entered on the jury's verdict. It affords no comfort to appellant that the court below arrived at what we believe to be a correct conclusion by reasoning which does not have our approval. As was said in *Fullerton's Estate*, 146 Pa. 61, at page 63, 23 A. 321: "It is the decree, to which error lies. If that is right, it is of little moment what course of reasoning led up to it." There was no reason to exclude recovery for the death of the wife and base the verdict on the liability of defendant for the death of the child alone. Defendant, under the facts as they appear in the evidence, was liable for the death of both, and the jury's verdict can stand on the same theory as that upon which the case was tried. There is ample evidence to sustain the verdict, and there is no sufficient reason presented requiring a new trial.

Assignments of error are overruled.

Judgment is affirmed.