## NETTLES v. EMERICK.

### No. 3611.

District Court, M. D. Pennsylvania.

March 11, 1938.

Richard Henry Klein, of Sunbury, Pa., for plaintiff.

Knight & Kivko, of Sunbury, Pa., for defendant.

JOHNSON, District Judge.

This is an action in trespass to recover damages for personal injuries alleged to have been sustained on account of the negligence of the defendant in maintaining a defective spigot in defendant's hotel where plaintiff was a guest.

At the trial, at the close of plaintiff's evidence, the court granted a nonsuit, which the plaintiff is now moving to take off.

The evidence shows that the defendant operated a hotel known as the Penn Belle Hotel and that the plaintiff became a registered guest at the hotel and was assigned to a room equipped with a washstand in the wall containing a self-closing faucet which operated on a spring requiring the faucet to be held in order to permit the running of water.

The handle was made of vitreous china with an outer covering of glass cemented on a solid metal extension. While plaintiff was shaving with the razor or brush in his right hand, he attempted to operate the faucet with his left hand. When he opened the faucet 45 degrees, the porcelain on• the handle of the faucet broke, deeply cutting plaintiff's hand.

The plaintiff in his statement of claim avers that the injury "was due entirely to the negligence of the defendant in that he had permitted the said cold water faucet and the porcelain handle thereof to become dangerous and unsafe for guests of said hotel to use, and in that the said defendant failed to give the plaintiff as a guest in said hotel any warning or knowledge of these facts."

The plaintiff contends that the facts supported an inference of negligence sufficient to justify the submission of the case to the jury on the question whether the innkeeper exercised reasonable care in examining the fixtures in the hotel room so as to insure reasonable safety to the plaintiff guest using this room and the faucet therein.

The defendant contends first that the plaintiff's allegations of negligence in his statement of claim sets forth such specific negligence as requires proof of the specific negligence and, secondly, that the facts and circumstances of this case raise no presumption of negligence against the defendant, and that therefore negligence in the first instance must be established by the plaintiff.

442

From the pleadings and the evidence, two questions arise in this case: First, whether under the allegations of negligence such specific negligence is set forth as requires specific proof in the first instance, and, secondly, whether the facts and circumstances of this case raise a presumption of negligence against the defendant which throws the burden on the defendant to explain the condition of the faucet and the cause of the accident.

First, whether the allegation of negligence in plaintiff's statement requires proof of the specific negligence alleged in the first instance. No specific negligence is alleged in plaintiff's statement of claim. In the statement it is claimed that plaintiff's injury was due entirely to the negligence of the defendant by permitting the faucet and porcelain handle to become dangerous and unsafe for guests, but there is no allegation of any specific defect in the faucet. It was necessary for the plaintiff to charge negligence, but under the circumstances a general allegation of negligence was sufficient, and no proof of specific negligence was required in the first instance.

Secondly, under the facts and circumstances and pleadings of this case, a presumption of negligence arose which cast the burden on the defendant to show that he was not negligent in the maintenance of the faucet.

An innkeeper has a duty to furnish a safe room to his guests and to provide furniture and fixtures therein which may be used by the guests in the ordinary way without danger to the guest, Lyttle v. Denny, 222 Pa. 395, 71 A. 841, 20 L.R.A.,N.S., 1027, 128 Am.St.Rep. 814, 15 Ann.Cas. 924; Ritchey v. Cassone, 296 Pa. 249, 145 A. 822, and the guest is entitled to rely on the performance of that duty, Kulka v. Nemirovsky, 314 Pa. 134, 135, 170 A. 261.

The facts in this case support an inference of negligence sufficient to justify the submission of the question to the jury whether the innkeeper exercised care in examining and maintaining the fixture in the hotel room assigned to the guests. This position is supported by the authorities. Manchester v. Barnett, 27 Pa.Dist. & Co. R. 75; Wardman v. Hanlon, 52 App.D.C. 14, 280 F. 988, 26 A.L.R. 1249; Lyttle v. Denny, 222 Pa. 395, 71 A. 841, 20 L.R.A., N.S., 1027, 28 Am.St.Rep. 814, 15 Ann.Cas. 924; Tamres v. Reed, 109 Pa.Super. 28, 165 A. 538; Durning v. Hyman, 286 Pa. 376,

133 A. 568, 53 A.L.R. 851; Tomko v. Feldman, 128 Pa.Super. 429, 194 A. 338; Keough v. Markus, 114 Pa.Super. 80, 173 A. 768; Alexander v. Nanticoke Light Co., 209 Pa. 571, 58 A. 1068, 67 L.R.A. 475; Seeherman v. Wilkes-Barre Company, 255 Pa. 11, 99 A. 174; Delahunt v. United T. & T. Co., 215 Pa. 241, 64 A. 515, 114 Am. St.Rep. 958.

For the above reasons, this case should have been submitted to the jury. Therefore the nonsuit should be taken off and a new trial granted.