Hunter, Appellant *v.* Hotel Sylvania Co.

Argued October 1, 1943.    Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.
(RENO, J., absent).

*Edwin S. Malmed,* for appellant.

*Michael A. Foley,* for appellee.

592

OPINION BY RHODES, J., December 9, 1943:

This is an action in trespass to recover damages for personal injuries alleged to have been sustained by plaintiff while a guest of the hotel conducted and operated by defendant. The jury returned a verdict for plaintiff. Defendant's motion for judgment n.o.v. was granted and judgment entered for defendant. Plaintiff has appealed.

Plaintiff was the only witness, and his testimony is uncontradicted as defendant offered no evidence. Plaintiff came to the hotel of defendant on April 26th or 27th, 1941, and was assigned to a room with a stall shower. On the evening of May 1, 1941, plaintiff, intending to take a bath, stepped into the stall shower which was equipped with a porcelain handle. Plaintiff testified: "As I grabbed the handle of the shower, which moved from left to right or right to left, as I remember, the handle split off on my hand, and I felt a sharp pain. ...... The handle was about four to four and a half inches in length, about an inch and a half at the top and then tapered down, I should say to half to three-quarters of an inch at the bottom." The porcelain handle fitted over and was screwed on to a threaded piece of metal and was the attachment by means of which the shower was turned on and off. Plaintiff also testified that the bathroom was well lighted, that he looked at the handle when he turned it and that so far as he could see there was nothing wrong with it. On several previous nights plaintiff had used the shower.

It was defendant's duty to furnish safe premises for its guests, and to exercise such care in the maintenance of its plumbing fixtures that plaintiff could use them in the ordinary and reasonable way without danger. *Lyttle v. Denny,* 222 Pa. 395, 398, 71 A. 841; *Ritchey v. Cassone,* 296 Pa. 249, 255, 145 A. 822; *Tomko v. Feldman,* 128 Pa. Superior Ct. 429, 434, 194 A. 338; *Doherty v. Arcade Hotel,* 134 P. 2d 118, 121; 28 Am.

Jur. §§56, 60, pp. 578, 581. Defendant was not an insurer of plaintiff's safety, and it owed him no greater duty than that of exercising ordinary or reasonable care to insure his safety while upon its premises providing he made no unreasonable use of them. *Lyttle v. Denny,* supra, p. 398.

In the present case it does not affirmatively appear that the plaintiff's injury resulted by reason of a failure of defendant to exercise ordinary or reasonable care under the circumstances. And the facts do not permit the application of the doctrine of res ipsa loquitur. *Norris v. Philadelphia Electric Co.,* 334 Pa. 161, 163, 5 A. 2d 114; *Rose v. Adelphia Hotel,* 300 Pa. 1, 5, 149 A. 644; Wigmore on Evidence, 3d Ed. §2509. There are no circumstances from which negligence may have been inferred by the jury, and defendant was not called upon to show that it exercised due care to prevent the harm.

Although plaintiff's testimony discloses that an accident occurred, and that he was injured by reason thereof, his own testimony does not preclude the possibility that he applied an unusual amount of force which caused the porcelain handle to break.

But assuming that plaintiff has shown ordinary and reasonable use of the instrumentality, there could be no recovery on the facts here disclosed.

Defendant had no actual knowledge of any defect in the porcelain handle. The care required of defendant would seem to have been the inspection of the shower in a careful endeavor to discover any defective condition that would cause an injury to a guest. But a failure to make inspection does not create liability unless inspection, if made, would have disclosed the particular defect which made the use harmful.

Plaintiff had daily used the handle and observed nothing wrong with it. There was no proof that there was any particular defect in the handle. If it was defective, the defect was not observable, and it merely

broke when plaintiff used it on this last occasion. He had used it several times before without any untoward result. If defendant had inspected the fixture this would not have led to the discovery of any defect that resulted in plaintiff's injury. Moreover, this case does not involve the happening of an accident with the means of prevention under the control of the defendant. Considered in the light most favorable to plaintiff it was due to a latent unsuspected cause, and this was no more determinable under the evidence by one party than by the other.

Plaintiff relies principally upon *Lyttle v. Denny,* supra, 222 Pa. 395, 71 A. 841, 20 L.R.A. (N.S.) 1027, 21 Am. Neg. Rep. 351, 128 Am. St. Rep. 814, 15 Ann. Cas. 924, and *Tamres v. Reed,* 109 Pa. Superior Ct. 28, 165 A. 538. In the *Denny* case plaintiff was assigned a room in which there was an old style folding bed, with a wardrobe in the back, so arranged that the bed portion would fold up to leave the bed in an upright position when not in use. The top of the bed was heavy, weighing about 300 pounds. Plaintiff occupied the bed during the night, and early the next morning, as he was about to rise, the upright portion fell forward upon him, crushing his head down upon his breast and inflicting severe injury. The Supreme Court said (222 Pa. 395, at page 399, 71 A. 841, at page 842) that "The accident was so far out of the usual course that no fair inference can arise that it could have resulted from anything less than negligence upon the part of the management of the hotel," and that the facts indicated · a lack of reasonable care upon the part of defendant. In the *Reed* case plaintiff suffered injuries from the collapse of a bed in defendant's hotel. Plaintiff's evidence tended to prove that the box spring of the bed was supported on each side by two wooden blocks or cleats nailed to the side pieces of the bed frame; that the nails holding these blocks or cleats on one side gave

way, throwing the plaintiff against the side of the bed and injuring him. Defendant offered no testimony, and the jury returned a verdict for the defendant. We held that since plaintiff's case rested wholly upon oral evidence, instructions in his favor could not properly have been given, and the case was one for the jury which was not bound to believe plaintiff's evidence regarding his injuries. In affirming the judgment we held that the hotelkeeper was not the insurer of the safety of his guests, that plaintiff was not required to point out the exact defect in the bed which caused it to collapse, but he did so by testifying that the blocks or cleats on one side had pulled out, and that this evidence showing the manner in which the accident occurred did not cast a burden of explanation upon defendant hotelkeeper. The principle recognized in these cases has been stated as follows: Where the thing which causes the injury is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. See *Lyttle v. Denny,* supra, p. 399; *Durning et al. v. Hyman,* 286 Pa. 376, 379, 133 A. 568; *Trostel et al. v. Reading Steel Products Corp.,* 152 Pa. Superior Ct. 273, 31 A. 2d 909. That principle as we have pointed out, is not applicable to the facts in the instant case.

As to appellant's reference to *Nettles v. Emerick,* 22 F. Supp. 441, it is sufficient to say that negligence is not presumed from the happening of such an accident, and the doctrine of res ipsa loquitur is not applicable when the instrumentality causing the injury complained of is not entirely under the control of the one against whom the charge of negligence is made.

Judgment is affirmed.