## Poulos *v.* Brady, Appellant.

Argued March 29, 1950. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*William T. Connor,* with him *Hardie Scott,* for appellant.

*Benjamin Goldman,* for appellee.

OPINION BY DITHRICH, J., July 20, 1950:

The record in this case presents a rather anomalous situation. Plaintiff recovered a verdict for damages sustained as a result of having been attacked and bitten by a dog owned by defendant, the proprietress of a taproom. Although the suit was based and tried by plaintiff on the legal principle of the care which must be exercised by an innkeeper to see that his patrons or guests are protected from injury, it was defended in the court below, and argued here, as though it had been predicated on the theory that defendant harbored a vicious dog with knowledge of its vicious tendencies. The fact that plaintiff was attacked and bitten by the dog is not denied, but it is contended that the attack was provoked by the conduct of plaintiff toward an animal of a "gentle nature."

Plaintiff testified that in the forenoon of June 28, 1943, he entered defendant's taproom at 815 Vine Street, Philadelphia, to get a glass of beer. Before drinking the beer, he asked to be directed to the men's room. As he neared the room he heard the sound of puppies nearby, and as he was opening the door he was suddenly set upon and bitten by the dog on the calf of his left leg.

While admitting that plaintiff was bitten, defendant offered testimony that the occurrence did not take place at the entrance to the men's room, but in the back yard, which plaintiff was about to use for the very purpose for which he said he was about to enter the men's room; whereupon defendant's teen-age daughter, who was in the back yard washing the dog, screamed. Plaintiff then, according to her testimony, kicked the dog, provoking the attack which resulted in his injury. Her testimony that

plaintiff was not molested in the taproom was corroborated by that of the bartender and another patron.

Plaintiff immediately left the premises without touching his beer and was taken in a patrol wagon to Hahnemann Hospital. The officer in charge of the patrol wagon testified that the man's left leg was bleeding, and in answer to defense testimony that plaintiff was intoxicated, he testified that he definitely was not. He further testified that he took the man to the hospital between 11 and 12 noon. It appeared from the hospital record that he was not admitted until 8:35 p.m. Plaintiff, however, testified that instead of that being the time of his admission, it was approximately the time of his discharge. His wife testified that he got home about 9 p.m.

In our opinion the case was clearly for the jury. The controlling principle relied upon by plaintiff is clearly stated in *Rommel v. Schambacher*, 120 Pa. 579, 582, 11 A. 779: "Where one enters a saloon or tavern, opened for the entertainment of the public, the proprietor is bound to see that he is properly protected from the assaults or insults, as well of those who are in his employ, as of the drunken and vicious men whom he may choose to harbor." See, also, *Jefferson v. Young Men's Christian Association*, 354 Pa. 563, 47 A. 2d 653; *Ritchey v. Cassone*, 296 Pa. 249, 145 A. 822; *Lyttle v. Denny*, 222 Pa. 395, 71 A. 841; *Hunter v. Hotel Sylvania Co.*, 153 Pa. Superior Ct. 591, 34 A. 2d 816.

Paraphrasing the aforesaid principle, the learned judge of the court below said: "If there is liability for acts of human beings who act like dogs then there should be no question about the liability for acts of dogs, particularly when they belong to the innkeeper." He added: "It was clearly for the jury to decide whether the defendant had discharged her duty by allowing a large dog to roam on the premises, particularly in view of the

puppies about which it might feel apprehensive and protective."

*Fink v. Miller*, 330 Pa. 193, 198 A. 666, and *Andrews v. Smith*, 324 Pa. 455, 188 A. 146, chiefly relied upon by defendant, are cases where the action complained of was the harboring of a dog known for its vicious propensities, and not a breach of duty owed by an innkeeper to a patron or guest, and are therefore not in point.

Appellant has assigned as error the alleged refusal of the learned trial judge to charge on the weight of the evidence. At the conclusion of the charge, the following colloquy took place between counsel for defendant and the court:

"MR. CONNOR: Will your Honor charge the jury on the weight of the evidence?

"THE COURT: I have already charged that the plaintiff, to recover, must convince you by a fair preponderance of the evidence in this case.

"MR. CONNOR: Will your Honor grant me an exception to the refusal to charge on the weight of the evidence?

"THE COURT: What else do you want me to say?

"MR. CONNOR: Your Honor ought to say to the jury that the weight of the evidence is with the defendant.

"THE COURT: That I refuse to say . . ."

He then said to the jury: "I reaffirm to you that in this court you never count numbers of witnesses." That excerpt from the charge standing alone and unqualified would be error, but the court followed it by saying: "It is what witnesses say that matters. You judge these witnesses and weigh their testimony. I refuse to say that the weight of the evidence is with the defendant."

"No charge can be judged by merely citing excerpts from it. The charge must be considered in its entirety. In the case of Harman et ux. v. Chambers, 358 Pa. 516, 57 A. 2d 842, 844, Mr. Justice JONES, speaking for this

154

Court, said: 'In scrutinizing a trial court's instructions to the jury for possible error, the charge must be read and considered, as a whole.' This was a reiteration of what this Court has frequently stated": *Voitasefski v. Pittsburgh Railways Co.*, 363 Pa. 220, 229, 69 A. 2d 370.

Had the case been tried on the theory propounded by her counsel, the weight of the evidence clearly would have been with the defendant. On that theory defendant would have been entitled to a compulsory nonsuit, for plaintiff did not prove that the dog had vicious tendencies known to defendant. But on the principle upon which the case was tried and submitted to the jury, the court would have been in error had he complied with counsel's request that he "ought to say to the jury that the weight of the evidence is with the defendant."

The case was fairly tried and presented to the jury and its verdict will not be disturbed.

Judgment affirmed.