At the opening of court on the second day of trial, Mr. Hill of appellant's counsel informed the court that his client was dissatisfied with the manner in which the case was being tried. He requested permission to withdraw from the case and moved for a continuance. The denial of this motion is assigned as error.

The case did not come to trial until almost two years after the action was instituted. Appellee had brought witnesses from Georgia and counsel from Philadelphia. In disposing of this contention by appellant, the lower court in its opinion said: "The actual motion was . . . for a continuance . . . As for Mr. Hill's desire to withdraw from the case, we recognize it as the natural attitude of an ethical and conscientious attorney who learns that his client is dissatisfied with him. However, no motion for leave to withdraw as counsel was before the Court, and as Mr. Hill did not withdraw but continued in the case with ability and distinction, we cannot believe that plaintiff's case was prejudiced either by the motion or by the Court's refusal thereof." The matter was one for the exercise of the trial judge's discretion and the record discloses no abuse thereof. See *Anderson v. Guerrein Sky-Way Amusement Company*, 346 Pa. 80, 29 A. 2d 682.

Judgment affirmed.

Bulkin *v.* Camp Nockamixon, Inc., Appellant.

Argued January 12, 1951. Before Drew, C. J., Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

18

*Ward C. Henry,* with him *Herbert A. Barton* and *Swartz, Campbell & Henry,* for appellant.

*Maurice H. Brown,* with him *Marshall A. Bernstein* and *Robert M. Bernstein,* for appellees.

OPINION PER CURIAM, March 19, 1951:
Judgment affirmed on the able opinion by FLOOD, J. of the learned court below.

Wilson Freight Forwarding Co., Inc., Appellant, *v.* Seal.