## Cross *v.* Laboda et ux., Appellants.

120

Argued April 13, 1959.   Before RHODES, P.J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Henry R. Beeson,* with him *Higbee, Lewellyn & Beeson,* for appellants.

*E. D. Brown,* for appellee.

OPINION BY WATKINS, J., July 6, 1959:

This is an appeal by Charles Laboda and Catherine Laboda, his wife, trading and doing business as Charles Restaurant, the appellant, from the judgment of the Court of Common Pleas of Fayette County, in the amount of $5000 in favor of Ephriam L. Cross, the appellee, in an action of trespass.

The action grew out of injuries sustained by the appellee in the Charles restaurant.   On November 19, 1954, Cross entered the Charles restaurant, ordered a glass of beer at the bar and then went to the rest room.

On his return, the glass of beer and his stool had been moved from the bar to a table four or five feet from the bar where friends were sitting. He then sat on the stool, placing his feet on the rungs of the stool when the seat came loose and he and the seat fell backwards to the floor. He fell on his back and head and as a result was paralyzed and unable to use his hands and legs. He saw the seat of the stool lying on the floor and immediately stated to one of the witnesses, "Earl the stool broke with me, I am done." The medical witnesses testified that he was totally incapacitated.

Charles Laboda was not in the room at the time of the accident but Catherine Laboda testified that she had served the beer and that no inspection had been made of the stool. It was a steel stool with four legs, with a circular band around them about a foot from the floor. The seat was a revolving one attached to the stool and not removable.

The appellant did not produce any evidence as to the construction and quality of this stool or regarding their inspection of the stool. Despite this, the court below granted the appellant's request for an instruction that "Unless you find that defendants knew or should have known that the stool was defective, your verdict must be for the defendants." The jury brought in a verdict of $5000. The appellant's motion for judgment n.o.v. was refused by the court en banc.

This case falls clearly within the principle that care must be exercised by an innkeeper to see that his patrons or guests are protected from injury. *Tamres v. Reed,* 109 Pa. Superior Ct. 28, 165 A. 538 (1933); *Poulos v. Brady,* 167 Pa. Superior Ct. 150, 74 A. 2d 694 (1950).

The duty imposed by law upon an innkeeper requires him to furnish safe premises to his guests and to provide necessary articles of furniture which may be

used by them in the ordinary and reasonable way without damage. *Lyttle v. Denny*, 222 Pa. 395, 71 A. 841 (1909). " 'Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care.' " *Lyttle v. Denny*, supra, at page 399.

In *Durning v. Hyman*, 286 Pa. 376, 133 A. 568 (1926), it was held to be a case for the jury where a person attends a theatre and takes a seat provided for the use of patrons and the seat gives way under her, resulting in injuries and the proprietor of the theatre in a suit against him makes no explanation of the accident. See also: *Skeen v. Stanley Co. of America*, 362 Pa. 174, 66 A. 2d 774 (1949), where Chief Justice MAXEY said, at page 179, "It would be impractical and unfair to demand that the plaintiff furnish proof that the bolt was a part of the equipment of the defendant's theatre or was otherwise under defendant's control. The plaintiff proved enough to cast upon the defendant the burden of showing that it was not responsible either through its acts or through its neglect for the movement of the bolt which struck and injured the plaintiff while she was a patron of its theatre."

This is the kind of case where the controversial doctrine of exclusive control properly applies. "There are cases in which a fair presumption or inference of negligence arises from the circumstances under which the injury occurred". *Shafer v. Lacock, Hawthorn & Co.*, 168 Pa. 497, 503, 32 A. 44 (1895) ; *Durning v. Hyman*, supra; *Loch v. Confair*, 372 Pa. 212, 93 A. 2d 451 (1953) ; *Dillon v. Wm. S. Scull Co.*, 164 Pa. Superior Ct. 365, 64 A. 2d 525 (1949) ; *Com. v. Montour Transport Co.*, 365 Pa. 72, 73 A. 2d 659 (1950).

The learned discussion of the doctrine of exclusive control by Mr. Justice BELL, in his concurring opinion in *Kotal, Admr. v. Goldberg*, 375 Pa. 397, 405, 100 A. 2d 630 (1953), points out the difference of opinion and also the confusion that has been created by the extension of this doctrine to facts and other fields of negligence not contemplated by *Shafer v. Lacock*, supra, wherein the principle was first laid down.

In Justice BELL's opinion, four factors must be present before the doctrine can be applied. These, in brief, are: (a) Where the thing which caused the accident is under the control of the defendant; (b) Where the evidence of the cause of the injury or accident is not equally available to both parties, but is peculiarly or exclusively accessible to and within the possession of the defendant; (c) the accident itself is very unusual or exceptional; and (d) the general principles of negligence have not heretofore been applied to such facts.

We agree with the appellant that his position falls clearly astride of each of these four criteria, bolstered in this case by the care required of an innkeeper; that the trial court below properly declined a point for binding instructions in favor of the appellant; and the court en banc properly refused to sustain the appellant's motion for judgment non obstante veredicto.

Judgment affirmed.