## Sarubin v. Goldberg

*M. Jacobson*, for plaintiff.

*Wright, Spencer, Manning & Sagendorph*, for defendant.

DITTER, J., June 16, 1966.—This case comes before the court on preliminary objections in the nature of a demurrer to an action seeking damages as the result of a dog bite.

The complaint alleges that defendant operated a children's camp and that minor plaintiff was one of her campers, an appropriate fee having been paid for his enrollment.

Next it is averred "the defendant had a duty and responsibility to the said minor plaintiff to provide a place that was safe, which the defendant failed to do. It is further averred that the defendant carelessly and

negligently permitted and allowed a German shepherd dog to run loose and unattended throughout said camp. On the date aforesaid, said dog set upon and attacked the person of said minor plaintiff causing him to sustain injuries . . ." Damages are then claimed on behalf of the child and on behalf of his parents for their medical expenses.

Defendant asks that the complaint be dismissed because it fails to allege that defendant had any knowledge of any dangerous propensities on the part of the dog, which apparently was owned by one of the camp's counselors. Plaintiff, however, argues that the instant action is not based upon scienter, or knowledge of dangerous propensities, but upon defendant's breach of duty owed by the operator of a children's camp to see that they are protected from injury.

This case presents a very simple question: Is it negligence per se to have a dog at a children's camp?

Plaintiff contends that it is and brings several cases to our attention in support of this theory. In Bulkin v. Camp Nockamixon, Inc., 367 Pa. 15 (1951), a 10-year old girl was injured when thrown from a horse. Her mother had not given approval for her to ride, but nevertheless, the child had been placed on a horse for 10 minutes. The next day, the child was lifted onto a horse, which was led by a groom for a short distance and then released. When the horse broke into a run, the child fell off. In Styer v. Reading, 360 Pa. 212 (1948), an 11-year old child was injured when she was playing badminton in a poorly lighted room, too small for the purpose. In Poulos v. Brady, 167 Pa. Superior Ct. 150 (1950), plaintiff was bitten by a dog in defendant's tavern.

These cases, however, do not support the basic proposition which plaintiff advances, i. e., liability without proof of knowledge that danger may exist. In each instance, the court found defendant had reason to ex-

pect injury might occur. In the Bulkin case, a small child was lifted onto a horse which was thereafter not attended. The back of a horse can be an uneasy seat for a practiced equestrian—for an inexperienced child, a place of peril. In Styer, the court pointed out the negligent aspects of permitting children to hit a badminton bird back and forth without a net between them in a small, poorly lighted room. In the Poulos case, the dog in question had just had puppies, and the court pointed out that she might have been apprehensive about them. While it may be negligence to keep a dog which has just had pups at an establishment where alcoholic beverages are dispensed for profit (and it might be bad for the dog, too), it does not follow that the presence of any dog at a children's camp may lead to injury. There are all sorts of things at a children's camp which are accepted as a part of the background: tree roots and rocks and uncertain footing; poison ivy and snakes; sunshine and rain. These would cause consternation in the friendly atmosphere of the corner bar and uncertain footing, snakes, and sunshine might even be considered perils. By the same token, there are certain occurrences, language, and events which are more or less accepted as a part of tavern life which would not only be out of place at a children's camp but might be negligence if condoned.

We cannot say that the mere presence of a dog at a camp constitutes a breach of duty on the part of the owner. It is tortious to keep a dog with known dangerous propensities, because the owner then has notice that the dog may injure someone. Without knowledge, there is no fault: Andrews v. Smith, 324 Pa. 455 (1936).

More recently, it has been held that a big, friendly dog may be dangerous to a small, 74-year old domestic: see Groner v. Hedrick, 403 Pa. 148 (1961). In that case, however, the owners knew that the dog sometimes

jumped up on people in an enthusiastic display of affection.

We believe that there must be some allegation to show that defendant could have reasonably expected the dog in question to cause injury. Were this not the test, no home owner could ever keep any pet without being absolutely liable for every unfortunate event with which it became involved. The law does not go that far.

And now, June 16, 1966, the preliminary objections are sustained, and plaintiff is given 20 days within which to file an amended complaint.