Skeen et vir, Appellants, *v.* Stanley Co. of America.

Argued May 24, 1949. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*J. Webster Jones,* for appellants.

*Bernard B. Brause,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, June 24, 1949:

Plaintiffs, husband and wife, appeal from the order of the court below dismissing plaintiff's exception to the court's action in entering a judgment for the defendant as a matter of law. Plaintiffs charged defendant, a theatre owner, with negligence in failing to provide safe accommodations for its patrons while attending their theatre, averring that defendant failed to properly inspect and maintain equipment and machinery, the defective condition of which caused personal injury. Defendant filed no answer to the complaint, and the case was tried without a jury. The trial judge after hearing plaintiff's testimony found for defendant as a matter of law.

On the evening of September 6, 1945, plaintiff with her two children attended a motion picture in one of

defendant's theatres known as the Forum, located at Frankford Avenue and Bridge Streets, Philadelphia. Plaintiff testified that after they had been seated for sometime she heard a "terrible noise in the ceiling" of the theatre, then a "whistling sound." She "threw her arms over her head and ducked." Within a few seconds there was a "terrible thud" on her arm. A greasy, threaded bolt $2\frac{1}{2}$ to 3 inches long and about a half inch in diameter with a square head like a nut was found on the floor close to where plaintiff had been sitting. It is undisputed that this bolt struck her arm. The bolt struck several silver bracelets she was wearing and broke two of them. Her arm and dress were covered with grease, and one leg of her son's trousers was soiled with the same substance. No further evidence was presented. The court in its opinion dismissing the plaintiff's exception stated that the bolt "broke out of it (the ceiling) in some way," and without apparent explanation from the defendant assumed that the accident was caused by a defect "unseen, unknown and undiscoverable."

In the absence of exculpatory evidence by the defendant, the circumstance that a greasy bolt dropped from the ceiling of defendant's theatre is evidence from which negligence may be inferred. It is not reasonable to believe that the bolt fell out of the sky. A patron of a theatre is not charged with the responsibility of conducting an investigation of the theatre's ceiling before sitting under it and witnessing a performance. In the absence of an explanation to the contrary, it is reasonable to infer that the bolt was attached to some equipment in the theatre. The rebuttal of this natural inference was a duty the circumstances cast upon the defendant. For the absolving of the defendant from legal responsibility for an injury caused by the fall of this bolt on one of its patrons, it is only fair to call

upon the defendant to show that it exercised due care to prevent harm to its patrons.

In *Durning et al. v. Hyman*, 286 Pa. 376, 378, 133 A. 568, the facts were that a child of thirteen purchased a ticket of admission to a moving picture house. When the child pulled out a seat and sat up on it, the left side gave way causing her to be thrown to the floor as result of which she sustained certain injury. At the conclusion of the plaintiff's testimony a non-suit was granted on the theory that no negligence had been proved. The court below refused to take it off. On appeal to this Court we said in reversing the court below: "There is, ordinarily, no presumption of negligence arising from the happening of an accident, and the burden of proving that the injury resulted by reason of a failure of defendant to exercise reasonable care must be affirmatively shown. This is true, whether the claimant be a minor or an adult (Nichol v. Bell Tel. Co., 266 Pa. 463), and the assumption of the taking of due precautions for the safety of others (P. & R. Ry. Co. v. Hummell, 44 Pa. 375) must be overcome by facts establishing a failure to do so, or of circumstances from which such inference naturally follows. Where there has been an omission to observe some absolute duty, or to perform an obligation as to which the defendant is practically an insurer, the contrary is true, and if the parties bear such contract relation, as in the case of the carrier who agrees to carry safely, and has in its sole control the appliances necessary for the transportation, a presumption of negligence arises, where an injury occurs: Laing v. Colder, 8 Pa. 479. A like rule has been enforced where the loss complained of resulted from the fall of an elevator in which plaintiff was a passenger: Fox v. Phila., 208 Pa. 127; McKnight v. Kresge Co., 285 Pa. 489. Even in such instances, the legal conclusion may be rebutted by showing the accident was one which the utmost skill, foresight and dili-

gence could not have prevented: Meir v. P. R. R. Co., 64 Pa. 225."

In the *Durning* case we quoted with approval the following from *Shafer v. Lacock, Hawthorn & Co.,* 168 Pa. 497, 504: " 'When the thing which causes the injury is shown to be under the management of the defendants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident rose from want of care.' " We also therein cited *Zahniser v. Penna. Torpedo Co.,* 190 Pa. 350, 353, 42 A. 707, for the proposition that while negligence is not presumed, "the circumstances [may] amount to evidence from which it may be inferred by the jury." We added: "The defendant, in such instances, is called upon to show, not necessarily the cause of the accident, but that he exercised due care to prevent harm . . . The plaintiff entered the moving picture house, and placed herself upon a seat provided for the use of patrons. It broke and caused the fall. The duty devolved upon the proprietor to show that reasonable diligence had been used to provide safe accommodations, and that a proper inspection was made to assure their suitable condition."

There is a principle of evidence that the burden of proving a fact is upon the party who presumably has peculiar means of knowledge enabling him to prove its falsity if it is false. Wigmore on Evidence; third edition, Vol. IX, section 2486, p. 275, points out that while "this consideration furnishes no universal working rule," it "takes its place among other considerations of fairness and experience as a most important one to be kept in mind in apportioning the burden of proof in a specific case." If in the instant case the bolt which caused plaintiff's injury was no part of the theatre equipment and in no way under defendant's control, the reasonable inference would be that the defendant was

not responsible for plaintiff's injury. On the other hand, if the bolt was a part of the equipment of the theatre or in any way under defendant's control there would be prima facie an inference that the defendant was responsible for its falling through space and hitting the plaintiff.

Whether or not this bolt was a part of the theatre equipment is a problem which the defendant possessed better means of solving than did the plaintiff. If the bolt was not under the control of the defendant it would be a very simple matter for the defendant to offer proof of that fact. It would be impractical and unfair to demand that the plaintiff furnish proof that the bolt was a part of the equipment of the defendant's theatre or was otherwise under defendant's control. The plaintiff proved enough to cast upon the defendant the burden of showing that it was not responsible either through its acts or through its neglect for the movement of the bolt which struck and injured the plaintiff while she was a patron of its theatre.

In *Gable et ux. v. Golder,* 116 Pa. Superior Ct. 415, 176 A. 847, the plaintiff while walking on a sidewalk in front of a building which was under construction by the defendant, a general contractor, was injured when a plank fell through a hole in a chute leading from a window above the sidewalk to the curb line. There was evidence that the chute had been constructed and used by the defendant's employees for the purpose of removing debris from the building through the chute, and at the time of the accident the defendant's employees were in such positions where they would be naturally performing such an act as occurred. It was held that the facts entitled the plaintiff to go to the jury. The Superior Court quoted herein the case of *Kapuscianski v. P. & R. C. & I. Co.,* 289 Pa. 388, 137 A. 619, saying: "Proof of the act may be established by evidence from which, by reasonable inference, the conclusion is reached

that defendant was negligent; or where evidence places the instrumentality which caused the accident in the possession of the defendant, showing, by the elimination of all other causes, that the missile could not have left defendant's possession except through some act of its servant. The possible causes to be eliminated, as stated in Gallivan v. Wark Co., 288 Pa. 443, do not mean every possible cause which the ingenuity of counsel may suggest as having caused or contributed to the accident, but only those which fairly arise from the evidence."

In the case of *Bechtel v. Franklin Trust Co.*, 120 Pa. Superior Ct. 587, 182 A. 800, cited by the appellee, the record differs from the record in the instant case. There the lessee of a safe deposit box was injured when plaster fell from the ceiling and caused her injuries. Plaintiff called a vault attendant who testified that he visited the vault room many times a day and never noticed anything wrong with the plaster, and the superintendent of the building testified he made an inspection of the ceiling and never saw any defects. A witness called by the defendant testified that the condition of the plaster in the vault when completed was first class. A verdict was returned for the plaintiff in the sum of $1,000. Upon appeal a judgment was entered for the defendant n. o. v. because the record contained evidence which exculpated the defendant. In the instant case there was no exculpatory evidence. It may be that when the instant case is tried again defendant will be able to show either that the bolt was not a part of the theatre equipment and in no way under its control, or that the duty of inspection of the premises had been faithfully complied with, and, therefore, there was no basis for plaintiff's claim that "the said bolt fell as result of the negligence of the defendant, in failing to properly inspect and maintain certain equipment and machinery of which the said bolt was a part."

The judgment is reversed with a venire.