## Doerflinger *v.* Davis, Appellant.

Argued October 11, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*J. Lawrence McBride*, with him *Hamilton A. Robinson*, and *Dickie, McCamey, Chilcote & Robinson*, for appellants.

*Melvin Schwartz*, with him *Alexander Cooper*, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 12, 1963:

Defendant appeals from a judgment entered for plaintiff in an action of trespass for personal injuries. Defendant asks for judgment non obstante veredicto or alternatively a new trial.

The jury could have found the following facts: A very large and heavy box (the box was 6 feet high and 2½ feet wide), containing a bicycle, was left standing on the floor *beside an aisle* in defendant's store. The box fell on plaintiff's head and shoulder causing very severe injuries. There was no evidence as to whether the box was resting on its own weight or was leaning against the nearby wall, or was fastened or secured in any way, or exactly what caused the box to fall. However, the testimony disclosed that the defendant said *"It shouldn't have been there in the first place"*; and after the accident, ordered it removed.

While neither res ipsa loquitur nor the exclusive control doctrine applies, we believe that the totality of the aforesaid facts and circumstances amount to evidence of negligence which, though very slight, was sufficient to take the case to the jury. The case is, on its facts, distinguishable from *Stewart v. Morow,* 403 Pa. 459, 170 A. 2d 338, where a small mirror, which rested on a mantelpiece in defendant's home, suddenly fell and injured plaintiff (a maid) while she was performing her household cleaning duties. The Court in that case correctly stated (1) that neither res ipsa loquitur nor the exclusive control doctrine applied; and (2) that there was not sufficient evidence of negligence to take the case to the jury.

The difference in the size and potentially dangerous condition of this huge box by the aisle of the store, and the small mirror on a mantel in the Stewart home, together with the other facts and circumstances above mentioned are sufficient to distinguish the *Stewart* case from the instant case.

Defendant asks for a new trial because of an alleged error in the Court's charge on "present worth," in which charge the Judge included an "example" to aid the jury. An "example" charge is proper if it is given by way of illustration or example and the Court makes

clear to the jury that the example is illustrative only and that it is solely for the jury to decide what the verdict should be and for whom: *Littman v. Bell Telephone Co.*, 315 Pa. 370, 172 Atl. 687; *Reed v. American Dyewood Co.*, 231 Pa. 431, 80 Atl. 873. In *Littman v. Bell Telephone Co.*, supra, the Court said (page 378): "Concrete illustrations may be used by the trial judge in explaining 'present worth.'" Furthermore, we find no basic or reversible error in the charge.

Judgment affirmed.

Mr. Justice BENJAMIN R. JONES dissents and would enter judgment n.o.v.