Murphy *v.* Bargain City, U.S.A., Inc.,
Appellant.

Argued March 18, 1964. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*William D. Valente,* with him *Mesirov, Gelman,
Jaffe & Levin,* for appellant.

*Herbert A. Barton,* for appellees.

OPINION BY WATKINS, J., June 11, 1964:

This appeal is from the order of the Court of Com-
mon Pleas No. 1 of Philadelphia County, dismissing de-
fendant's exceptions to verdicts rendered for the plain-
tiffs by the court, sitting without a jury, in a trespass
action for personal injuries. The trial judge entered
a verdict in favor of the wife-plaintiff for $3000 and in
favor of the husband-plaintiff for $600.

The facts appear to be as follows, bearing in mind
that in determining whether judgment n.o.v. should be
granted on appeal, the evidence, together with all rea-
sonable inferences to be drawn therefrom, must be re-
ceived in a light most favorable to the verdict winner,
in this case, the plaintiffs-appellees. *Piwoz v. Ianna-
cone,* 406 Pa. 588, 178 A. 2d 707 (1962).

On July 7, 1961 the plaintiff, Margaret Mary Mur-
phy, together with her daughter-in-law and grand-

daughter entered the store of the defendant at Horsham, Pennsylvania for the purpose of purchasing upholstery material. While so engaged a sizeable piece of shelving fell from its brackets and struck the toes of plaintiff's left foot causing injury to the toes and rather severe pain which incapacitated her for some two months and required medical attention, and in fact still gave her trouble at the time of trial in May, 1963.

This shelf was one of three shelves set on brackets attached to an "A" frame and was made accessible to customers to shelves on either side of it. The shelf was to be secured by clips on its front and was bare of merchandise at the time of the accident, and had been for some time. The rack was in an open area with an aisle on either side and was as large as the size of a desk, about 1½ inches thick, 3 feet across and 6 feet long The shelves on the rack were movable and held in position by brackets with a lift on the end of the brackets so that the shelf could not be moved, if properly affixed. The plaintiff's granddaughter, then ten years old, came in slight contact with the shelf and was knocked off balance as it fell.

Since the appellee was a business invitee in the store, the appellant company owed her a duty to maintain the premises in such condition so as not to cause harm to her or other invitees. A business invitee is entitled to expect that the possessor of the store will take reasonable care to discover the actual condition of the premises and either make them safe or warn her of dangerous conditions. Restatement, Torts, §343, page 943: ". . . a business visitor is not required to be on the alert to discover defects which, if he were a bare licensee, entitled to expect nothing but notice of known defects, he might be negligent in not discovering. This is of importance in determining whether the visitor is or is not guilty of contributory negligence in failing to discover a defect, as well as in determining whether

the defect is one of which the possessor should believe that his visitor would not discover and as to which, therefore, he must use reasonable care to warn the visitor." Note (d), §343 (supra).

Certainly in this case the appellant could, if proper inspection had been made, have seen that the brackets and the lift on the end of the brackets were not properly put on, and had it so discovered, the shelf could have been placed on the rack in a safe and secure manner. The appellant's general manager testified that "it would take quite a moving to move it off", much more, we infer, than a bump by the ten year old granddaughter, had it been properly affixed. And as recognized in *Lyttle v. Denny*, 222 Pa. 395, 399, 71 A. 841 (1909), the top of a folding bed does not usually fall down if proper care had been taken in putting it up. *Com. v. Montour Transpor. Co.*, 365 Pa. 72, 73 A. 2d 659 (1950). In *Doerflinger v. Davis*, 412 Pa. 401, 194 A. 2d 897 (1963), a box 6 feet high and 2½ feet wide, containing a bicycle, was left standing on the floor beside an aisle in defendant's store. It fell on plaintiff's head and shoulders causing injuries. The Court affirmed a judgment in favor of the plaintiff even though there was no evidence that the box was resting on its own weight; was leaning against a nearby wall; was fastened or secured in any way; or any evidence of exactly what caused the box to fall. The Court held: "While neither res ipsa loquitur nor the exclusive control doctrine applies, we believe that the totality of the aforesaid facts and circumstances amount to evidence of negligence which, though very slight, was sufficient to take the case to the jury."

The defendant in the instant case contends that the shelf was dislodged by the granddaughter but we agree with the court below that there was ample evidence in this case to support the finding that the shelf was erected in an insecure and negligent manner. The court

could, and did, under all the totality of the evidence find appellant negligent in its inspection and maintenance of the premises. *Skeen v. Stanley Co. of America*, 362 Pa. 174, 66 A. 2d 774 (1949).

As to the question of damages, the wife-plaintiff testified to the injury and the resulting losses caused by it over an extended period of time and the award to her was reasonable. The wife sustained a fracture of the left big toe which was painful and swollen for a number of weeks after the accident. She was under the care of a number of doctors and confined to bed from July 29, 1961 to August 28, 1961; and had to use crutches and a cane for some time thereafter. The toe was swollen and painful for months and she was unable to use normal shoes but only those with an open toe. A housekeeper was hired for a period of nine weeks at a cost of $55 a week. The husband-plaintiff was not present at the trial and did not testify as to his damages. This would ordinarily militate against him, however, in the present case his absence was explained as being due to a heart attack. The wife did testify to items of recoverable damages, i.e., domestic help required, crutch rental, laundry expense, etc., in addition to medical expenses which were not extraordinary, in view of the injury and within the purview of each of our experiences.

The medical expenses were not proven by testimony of a doctor nor by receipted bill. These items could have been ignored by the trial court and the award still be a reasonable one. The evidence need not be such as to require liquidation of the damages with mathematical exactitude, so long as the evidence is sufficient for the jury to arrive at a reasonable basis of apportionment. *Mohler v. Worley*, 179 Pa. Superior Ct. 56, 116 A. 2d 342 (1955).

Judgment affirmed.

DISSENTING OPINION BY MONTGOMERY, J.:

There is insufficient evidence in this record to support a verdict for the plaintiffs. I consider *Stewart v. Morow*, 403 Pa. 459, 170 A. 2d 338 (1961), as controlling the present case. Therein an object, a small mirror, regularly in place on a mantelpiece, fell for no disclosed reason. In *Doerflinger v. Davis*, 412 Pa. 401, 194 A. 2d 897 (1963), cited in the majority opinion, a crate containing a bicycle fell over from a position it occupied near the aisle of a store. Therein the Supreme Court emphasized testimony to the effect that, "It shouldn't have been there in the first place." The present case is therefore distinguishable from the *Doerflinger* case in the particular that the shelf in this case was where it should have been, whereas the crated bicycle in that case was not. Therefore, as in the case of the mirror, the mere fact that the shelf fell for no disclosed reason would not establish negligence.

I would reverse and grant judgment in favor of the defendant.

Therefore, I dissent.