## Dougherty, Appellant, v. Great Atlantic & Pacific Tea Company, Inc.

Argued March 20, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE and PACKEL, JJ.

*John A. Prodoehl, Jr.*, with him *Proedoehl and Riess*, for appellant.

*S. Walter Foulkrod, III,* with him *F. Kirk Adams, Harold L. Ervin, Jr.,* and *Butler, Beatty, Greer & Johnson,* for appellee.

OPINION BY PACKEL, J., April 17, 1972:

A jar of olives fell from a shelf in a supermarket and struck a shopper. The jury returned a verdict for the shopper in the amount of $11,497.45, but judgment n.o.v. was granted by the court.

The real question presented by this appeal is whether the stacking of goods for selection by consumers on a shelf six feet or higher is sufficient to warrant a jury conclusion of liability. The assistant manager of the supermarket testified that he was 5' 11" and that he would have to take a short stretch to get up to the top shelf. The shopper was approximately 5' tall. On the top shelf were two rows of olive jars. The jar which struck the shopper apparently came from the upper row. There was no specific testimony as to what caused the jar to fall.

Pennsylvania cases deny the applicability of *res ipsa loquitur* or the exclusive control doctrine to cases of this sort. *Cohen v. Penn Fruit Co., Inc.,* 192 Pa. Superior Ct. 244, 159 A. 2d 558 (1960) ; *Jones v. Sanitary Market Co.,* 185 Pa. Superior Ct. 163, 137 A. 2d 859 (1958) ; *Rogers v. Horn & Hardart Baking Co.,* 183 Pa. Superior Ct. 83, 127 A. 2d 762 (1956) ; *DeClerico v. Gimbel Bros., Inc.,* 160 Pa. Superior Ct. 197, 50 A. 2d 716 (1947).

Nevertheless, our courts have sustained jury determinations of liability where there was evidence that merchandise had been improperly stacked. *Doerflinger v. Davis,* 412 Pa. 401, 194 A. 2d 897 (1963) ; *Garber v. Great Atlantic & Pacific Tea Co.,* 397 Pa. 323, 155 A. 2d 346 (1959) ; *Wooley v. Great Atlantic & Pacific Tea Co.,* 180 F. Supp. 529 (W.D. Pa. 1960), aff'd, 281 F.

2d 78 (3d Cir. 1960). Two cases specifically refer to stacking on shelves beyond the normal reach of consumers, and in each of them the inacessibility was apparently considered as a factor for the imposition of liability. *Safeway Stores, Inc. v. Leake,* 147 A. 2d 439 (D.C. Mun. App. 1959); *Pratt v. Womack,* 359 P. 2d 223 (Okla. 1961).

The position of the appellant is that the risk of injury arises because of the high shelf, in that an employee may not stack the items properly or in that a customer's difficulty in stretching to reach the items may cause a disarray which can lead to an ultimate fall of an item. The appellee argued that the imposition of such a duty has no basis and would lead to economic waste in limiting the vertical space available for the conduct of such business enterprises.

We are of the view that such an economic loss, assuming that it exists, is to avoid a risk which should be borne by such commercial enterprises as a cost of doing business.

It is within the ambit of reasonableness for a jury to conclude that the stacking of food items to be selected by customers on high shelving, not readily reachable or viewable by employees or by customers, is subjecting customers to an unwarranted risk. The very reason for the need to exercise due care in stacking is that the initial or subsequent disarray may cause an item to fall. It is within the province of the jury to find that it is reasonably foreseeable that the use of high shelving can be a contributing factor in causing disarray and the fall of items from that high shelf.

The entry of judgment n.o.v. is reversed and the court below is directed to enter judgment on the verdict.

WRIGHT, P. J., WATKINS and JACOBS, JJ., would affirm on the opinion of Judge BLOOM.