## Paul, Appellant, v. Hess Brothers, Inc.

Argued September 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Frank S. Poswistilo,* with him *J. Stephen Kreglow, James F. Menconi,* and *Brose, Poswistilo, LaBarr & Jacobs,* for appellant.

*James Knoll Gardner,* with him *Gardner, Gardner & Racines,* for appellee.

OPINION BY WATKINS, J., November 16, 1973:

This is an appeal from the order of the Court of Common Pleas of Lehigh County granting a compulsory nonsuit in favor of Hess Brothers, Inc., the defendant-appellee and against Anna Paul, plaintiff-appellant, in a trespass action; and from the refusal of the court below to take off the nonsuit.

On May 29, 1965, the plaintiff, her husband, her daughter and a girl friend were shopping in Hess Broth-

ers Department Store in Allentown. The plaintiff and her husband were in the basement looking at dresses on the counter while the younger girls were shopping elsewhere in the store.

It is not disputed that while the plaintiff was examining dresses displayed on a counter or table, a full-sized mannequin which was standing on the same counter fell on the plaintiff striking her on the head and causing her injuries. Both plaintiff and her husband saw the mannequin fall. No one else saw it as there were no sales people or customers around at the time of the accident.

On October 15, 1970, a jury trial was called and at the close of the plaintiff's case the court granted the defendant's motion for a compulsory nonsuit. The question before us is whether there was sufficient evidence at trial to warrant sending the case to the jury. The defendant argues that the plaintiff failed in any way to show that the defendant was at fault in the falling of the mannequin. The evidence was sketchy in that we only have the description that a "full-sized mannequin" fell and there was no evidence produced showing how or why it fell or what condition it was in before it fell. The accident occurred in 1965 and the trial was not held until 1970 so that it seems a fair conclusion that negotiations must have been taking place during the passing of so much time and this may have made it most difficult to obtain evidence.

On appeal from a compulsory nonsuit the plaintiff must be given the benefit of every fact and every reasonable inference of fact arising from the evidence, whether direct or circumstantial, and all conflicts must be resolved in the plaintiff's favor. *McDonald v. Ferrebee*, 366 Pa. 543, 79 A. 2d 232 (1951). A compulsory nonsuit may be entered only in a clear case where the facts and circumstances lead unerringly to but one

conclusion. *McNett v. Briggs*, 217 Pa. Superior Ct. 322, 272 A. 2d 202 (1970). While negligence is not established nor is an inference raised by the mere happening of an accident, the plaintiff may rely on circumstantial evidence and inferences reasonably deducible therefrom which must be adequate or establish the conclusion sought and must so preponderate in the favor of that conclusion as to outweigh in the mind of the fact finder any other evidence and reasonable inferences therefrom which are inconsistent therewith. *McNett v. Briggs*, supra.

In determining whether a case is to be submitted to the jury the judge cannot choose between two reasonable inferences. The facts are for the jury where a reasonable conclusion can be reached which would place liability on the defendant. The jury may decide that such evidence does not preponderate in favor of liability, but such a decision is for the jury, not the court. *McNett v. Briggs*, supra.

Neither res ipsa loquitur nor the doctrine of exclusive control apply to the instant case. However, we are of the opinion that the totality of the facts and circumstances amount to some evidence of negligence which, however slight, was sufficient to take this case to the jury.

The defendant established that a full-sized mannequin which was used to model dresses fell from a position above the floor, on a table or counter, and struck the plaintiff, a customer in the store. Since the plaintiff was positioned as a customer and examining dresses at a counter, where the general public was invited to be present, the jury could reasonably infer that the defendant was negligent in allowing such an object to be in such a position either improperly secured or standing free to the detriment of prospective customers. It had an obligation to inspect. In any event, such a question should be left to the jury.

This is not the normal department store negligence case. The mannequin was not for sale. While most of our cases deal with customers being struck by articles for sale where intervening causes many times contribute to the accident, the mannequin in our case was placed in its position to advertise merchandise for sale exactly the same as if the store had placed a sign above the dress table showing a picture of a model wearing one of the dresses for sale. If, while a customer was examining dresses, such a sign should fall, a reasonable inference would arise, that the sign was not properly erected even if no direct evidence was available to prove what caused its fall. It is a case of the liability of the store owner to keep his premises safe for business invitees.

In *Murphy v. Bargain City, U.S.A.*, 203 Pa. Superior Ct. 406, 201 A. 2d 299 (1964), we said at page 408; "Since the appellee was a business invitee in the store, the appellant company owed her a duty to maintain the premises in such condition so as not to cause harm to her or other invitees. A business invitee is entitled to expect that the possessor of the store will take reasonable care to discover the actual condition of the premises and either make them safe or warn her of dangerous conditions. Restatement, Torts, §343, page 943: . . ."

In *Murphy*, supra, a sizable piece of shelving fell from its brackets and struck the plaintiff. The defendant claimed that it had been dislodged by the plaintiff's grandchild. This Court held that the evidence was sufficient to support a factual inference of negligence and the totality of the evidence supported a finding that the defendant was negligent in its inspection and maintenance of the premises and that these matters were for the jury.

In *Lyttle v. Denny*, 222 Pa. 395, 71 A. 841 (1909), we recognized that the top of a folding bed does not

usually fall down if proper care is taken in putting it up. In *Doerflinger v. Davis*, 412 Pa. 401, 194 A. 2d 897 (1963), a box six feet high and 2½ feet wide containing a bicycle was left standing beside an aisle in a department store and fell on the plaintiff. The court affirmed a judgment in favor of the plaintiff even though there was no evidence of how it was secured or how it fell. While neither res ipsa loquitur nor the exclusive control doctrine applied, the Supreme Court believed that the totality of the facts and circumstances amounted to negligence, which however slight, was sufficient to take this case to the jury.

In *Dougherty v. Great Atlantic and Pacific Tea Company, Inc.*, 221 Pa. Superior Ct. 221, 289 A. 2d 747 (1972), a jar of olives fell from a shelf and struck a shopper. The court held at page 223: "It is within the ambit of reasonableness for a jury to conclude that the stacking of food items to be selected by customers on high shelving, not readily reachable or viewable by employees or by customers, is subjecting customers to an unwarranted risk. The very reason for the need to exercise due care in stacking is that the initial or subsequent disarray may cause an item to fall. It is within the province of the jury to find that it is reasonably foreseeable that the use of high shelving can be a contributing factor in causing disarray and the fall of items from that high shelf."

*Hampton v. S. S. Kresge Company*, 224 Pa. Superior Ct. 543, 307 A. 2d 366 (1973), seems to fall in the category of cases involving improper stacking of goods. This Court distinguished cases which place no liability on the defendant such as in *Stewart v. Morow*, 403 Pa. 459, 170 A. 2d 338 (1961), where a mirror fell on an employee, and *Cohen v. Penn Fruit Company*, 192 Pa. Superior Ct. 244, 159 A. 2d 558 (1960), a can falling from an unknown source; and said in *Hampton v. S. S. Kresge*, supra, at page 370: "Plaintiff, in the in-

stant case, described the position of the boats, the manner of stacking prior to the accident, the angle and dimensions of the boats in relation to the shelf with the degree of certainty which was available to her, and the absence of disturbance of the array by a third person."

As the Supreme Court said in cases of falling objects, usually articles for sale, "the proof necessary to establish negligence under the circumstances need be very slight." *Stewart v. Morow,* supra, at page 462. Mannequins and advertising signs located in a store do not usually fall unless negligently placed and improperly inspected.

The order granting a compulsory nonsuit is reversed and a new trial granted.

JACOBS, J., dissents.